UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRIENDS OF TUHAYE, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>TUHAYE HOMEOWNERS ASSOCIATION, a Utah non-profit organization<br><br>Defendant. | Case No. 2:14-CV-1309-KJD-PAL<br><br>ORDER |

Before the Court is Defendant Tuhaye Homeowners Association's Motion to Dismiss or Transfer Venue (#5)[1]. Plaintiff Friends of Tuhaye, LLC opposed the Motion (#10) and Defendant replied (#11). The Court also notes that the filings by both parties were problematic, including materially incomplete analysis and argument. Plaintiff further made incorrect and entirely unsupported assertions regarding the context and application of the "effects" test described in Calder v. Jones, 465 U.S. 783 (1984).

**I. Legal Standard for Transfer of Venue under §1404(a)**

A district court may transfer a civil action to any other district where it might have been brought. 28 U.S.C. § 1404(a). Such analysis calls for "an individualized, case-by-case

---

[1] The motion to dismiss is brought on purely jurisdictional grounds. Defendant's attempt to address the merits of the suit for the first time in their reply is improper, denying Plaintiff the opportunity to respond. In any event, a "district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Accordingly, Defendant's arguments regarding the merits will not be considered by the Court.

consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964) (internal quotations omitted). The Court considers multiple factors in determining whether transfer is appropriate. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). "Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). Such factors may, by way of example, include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones, 211 F.3d at 498-99.

**II. Analysis**

To begin, Plaintiff concedes that this case might have originally been brought in Utah (#10).

- Plaintiff has chosen Nevada as its forum of choice. This factor weighs toward Nevada.
- The negotiation and execution of the contracts appears to have been accomplished remotely, with both parties operating and interacting from their home states. This factor is evenly balanced.
- The Court is unaware of any meaningful difference in litigation costs between Utah and Nevada. This factor is balanced.
- The availability of compulsory process to compel attendance of unwilling non-party witnesses is balanced. Both parties would prefer "home" venue for this reason.
- Ease of access to sources of proof is largely balanced despite the relevant property

and liens being located in Utah.

- As to familiarity with the governing law, it is indisputable that Utah courts will be more familiar with Utah law surrounding covenants, conditions, and restrictions (CC&Rs), homeowners associations, etc. than this Court. As these areas of the law are central to this litigation, this factor weighs toward Utah.

- The respective parties' contacts with the forum is heavily weighted towards Utah. It is undisputed that Defendant's agent visited Nevada and discussed a real property development opportunity in Utah. However, after that discussion, virtually every act relevant to this action occurred in Utah. Plaintiff relocated staff and maintained an office in Utah. The land and development as issue are located in Utah. The liens placed by Defendant were filed in Utah. The alleged trespass occurred to property located in Utah. Further, all of the contacts relating to Plaintiff's causes of action (slander of title and trespass) occurred in Utah.

**III. Conclusion**

In the Court's considered opinion, convenience and fairness dictate that this matter should be heard in Utah. Thus, Defendant's Motion (#5) is **GRANTED** in part as to transfer of venue, and **DENIED** in part as to dismissal. Accordingly, pursuant to 28 U.S.C. § 1404(a) the Court **HEREBY ORDERS** the Clerk to transfer this matter to the United States District Court, District of Utah for further proceedings.

DATED this 9th day of December 2014.

_____
Kent J. Dawson
United States District Judge