IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRIENDS OF TUHAYE, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br>v.<br><br>TUHAYE HOMEOWNERS ASSOCIATION, a Utah non-profit organization,<br><br>                    Defendant. | **MEMORANDUM DECISION and ORDER GRANTING MOTION TO INTERVENE**<br><br><br>Case No. 2:14-cv-00901-DN<br><br>District Judge David Nuffer |

JRAT Investments, LLC ("JRAT") moves to intervene[1] claiming intervention is necessary to protect its interests related to the property at issue.[2] Plaintiff Friends of Tuhaye, LLC ("FOT") opposes JRAT's motion to intervene and denies that JRAT has an interest in the property.[3] Defendant Tuhaye Homeowners Association ("HOA") did not respond to the Motion to Intervene. Because JRAT has an interest in the property, and for the reasons set forth below, JRAT's Motion to Intervene is GRANTED.

## BACKGROUND

In July 2005, FOT started developing Christopher Homes at Tuhaye ("CH Tuhaye"), a luxury residential community.[4] Although FOT built and sold numerous homes in CH Tuhaye, the development was not completed.[5] FOT poured and constructed foundations on eight

---

[1] JRAT Investments, LLC'S Motion to Intervene as of Right or in the Alternative for Permissive Intervention, ("Motion to Intervene"), docket no. 42, filed July 5, 2016.

[2] *Id.* at 2.

[3] Plaintiff's Opposition to JRAT Investments, LLC's Motion to Intervene as of Right or in the Alternative for Permissive Intervention ("Memorandum in Opposition") at 2, docket no. 43, filed July 29, 2016.

[4] *Id*. at 3.

[5] *Id.*

residential lots in 2007 and 2008.[6] The bank funding the project failed near the end of 2008 and

the Federal Deposit Insurance Corporation ("FDIC") took control of the bank and froze the

bank's assets, including the eight unfinished lots.[7] In early 2012, the freeze on the eight lots was

lifted.[8] Defendant HOA backfilled the foundations on the eight lots around the end of 2012 or in

the beginning of 2013.[9] In 2014, JRAT negotiated to buy six of the eight lots from FOT, and

FOT retained ownership of the two remaining lots.[10] This transaction closed August 21, 2014.[11]

At the closing, $166,620 was escrowed and held to clear the HOA liens/claims.[12]

Prior to the JRAT transaction closing, on August 12, 2014, while FOT still held title to

the eight lots, FOT filed this suit against the HOA.[13] The trespass and injunctive claims require

the court to determine whether the HOA, under the Tuhaye master covenants, codes, and

restrictions ("CCRs"), had the authority to backfill the foundations[14] and whether the

foundations were damaged as a result of the backfilling done by the HOA.[15] JRAT seeks to

intervene to assert breach of contract and fraud claims, alleging that FOT misrepresented or

failed to disclose the condition of the foundations or the outstanding liens during the FOT-JRAT

negotiations.[16]

---

[6] *Id.*

[7] *Id.* Presumably the lien interest on the lots was frozen, resulting in a freeze of any action on the lots.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 3-4.

[11] *Id*. at 4.

[12] Motion to Intervene at 7.

[13] Complaint, docket no. 1, filed August 12, 2014.

[14] *Id.* at 3-6.

[15] *Id.*

[16] Motion to Intervene at 10.

## ANALYSIS

Intervention must be permitted to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[17] The Tenth Circuit "follows a somewhat liberal line in allowing intervention"[18] and has stated that intervention is appropriate where: 1) the motion is timely; 2) the movant has an interest in the property at issue in the suit; 3) that interest may be impaired absent intervention; and 4) the movant is not adequately represented by existing parties.[19] Because JRAT satisfies the necessary requirements, intervention is appropriate.

### The Motion is Timely

"[T]imeliness of a motion to intervene is assessed in light of all the circumstances, . . . [t]he analysis is contextual; absolute measures of timeliness should be ignored."[20] The timeliness requirement is "not a tool of retribution to punish the would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention where no one would be hurt and greater justice could be attained."[21] Although the original complaint in this action was filed in August 2014,[22] it was filed in another district and transferred to this court in December 2014. The case has been rescheduled numerous times at the

---

[17] Fed. R. Civ. P. 24(a)(2).

[18] *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (internal quotation marks and citation omitted).

[19] *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (internal citations omitted).

[20] *Clinton*, 255 F.3d at 1250 (internal quotations marks and citations omitted).

[21] *Id.*

[22] Complaint, docket no. 1, filed August 12, 2014.

request of the parties.[23] The amended complaint was filed in February 2016,[24] and the answer was filed in March.[25] The motion to intervene was filed prior to the close of discovery[26] and JRAT has indicated that the discovery already completed is both "relevant and significant," to its claims and that intervention "will not substantially delay the progress of this litigation."[27] Under these circumstances, JRAT's motion to intervene is considered timely.

## JRAT Has an Interest in the Property at Issue

Evaluating whether a party has an interest sufficient to intervene is not a mechanical process, but requires "courts to exercise judgment based on the specific circumstances of the case."[28] The applicant should at least "have an interest that could be adversely affected by the litigation[,] . . . [and] practical judgement must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention."[29] Potential economic injury certainly satisfies the interest requirement.[30]

FOT asserts that JRAT does not have an interest in the property at issue because, according to FOT, the only property at issue is the remaining two lots owned by FOT.[31] Yet, because FIT filed its complaint before the JRAT closing, FOT has included JRAT's six lots in

---

[23] Scheduling Order, docket no. 12, filed November 24, 2014; Joint Motion and Stipulation to Amend Scheduling order, docket no. 25, filed February 12, 2015; Second Amended Scheduling Order, docket no. 29, filed August 25, 2015; Scheduling Order and Order Vacating Hearing, docket no. 40, filed May 23, 2016.

[24] Amended Complaint, docket no. 33, filed February 16, 2016.

[25] Amended Answer to First Amended Complaint and Counterclaim, docket no. 35, filed March 8, 2016.

[26] Scheduling Order and Order Vacating Hearing at 4, docket no. 40, filed May 23, 2016.

[27] Reply Memorandum to Friends of Tuhaye, LLC's Opposition to JRAT's motion to Intervene as of Right or in the Alternative for Permissive Intervention ("Reply")at 3, docket no. 44, Filed August 17, 2016.

[28] *Albert Inv. Co.*, 585 F.3d at 1392 (citation omitted).

[29] *Id.* at 1392 (quoting *San Juan County v. United States,* 503 F.3d 1163, 1199 (10th Cir. 2007)).

[30] *Id.* at 1393.

[31] Memorandum in Opposition at 7-9.

the "Subject Properties" of its complaint.[32] FOT has included claims based on damage to these six lots and accompanying discounted sales prices alleging that, "[i]n light of the damage, repairs, and necessary excavation caused and necessitated by the existing backfilled foundations, FOT was forced to substantially discount the [properties'] sales price."[33] FOT also references the HOA's allegedly illegal liens which are holding up funds from the sales transaction between FOT and JRAT.[34] JRAT's claims involve alleged misrepresentations made during negotiations with FOT about the condition of the six properties it purchased[35]— the same properties that FOT alleges were sold at a discount due to damage. Separate adjudication of these claims could lead to inconsistent results. "The interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is *related to the property that is the subject of the action.*"[36] JRAT has an interest in the six lots that FOT included as subject properties in its complaint. Consequently, JRAT's claims are related to the property that is the subject of this action, satisfying the requirement for intervention.

### JRAT's Interest May Be Impaired Absent Intervention

Intervention is appropriate when disposition of an action will, "as a practical matter impair or impede the movant's ability to protect its interest."[37] Because the impairment analysis is a practical matter, "the court is not limited to consequences of a strictly legal nature."[38] The burden of this requirement is minimal and only requires showing that impairment is possible.[39]

---

[32] Amended Complaint at 3.

[33] *Id.* at 5-6.

[34] *Id.* at 7.

[35] Motion to Intervene at 10.

[36] *Clinton,* 255 F.3d at 1252 (emphasis in original).

[37] Fed. R. Civ. P 24(a)(2).

[38] *Clinton,* 255 F.3d at 1253 (citation omitted).

[39] *Id.*

JRAT alleges that the outcome of this action could affect whether the six lots JRAT purchased from FOT will be foreclosed by the HOA liens on the property and whether JRAT will be able to recover from FOT for alleged misrepresentations.[40] The practical effects of the outcome of this action may impair JRAT's interests and therefore intervention is appropriate.

### Neither FOT nor the HOA Adequately Represent JRAT's Interests

The requirement to show that the movant is not adequately represented by existing parties only requires that the movant, "shows that representation of his interest *may be* inadequate—a minimal showing."[41] This showing can be made by showing that the existing parties have "interest[s] adverse to the applicant."[42] Although FOT and JRAT are both interested in the condition of the foundations,[43] JRAT alleges that FOT *misrepresented* the condition of the foundations of the properties at issue in this suit.[44] FOT has no interest in showing that FOT had knowledge of foundation damage that it failed to disclose to JRAT. The HOA likewise does not represent JRAT's interests. The HOA has no interest in the representations FOT made to JRAT about the condition of the foundations or the liens; the HOA is more interested in showing that the HOA had authority to backfill the foundations and file its liens. JRAT's interests are not adequately represented by the existing parties, making intervention appropriate.

---

[40] Reply at 4.

[41] *Tri-State Generation and Transmission Ass'n Inc. v. N.M. Pub. Regulation Corp.,* 787 F.3d 1068, 1072 (10th Cir. 2015) (internal quotation marks and citation omitted).

[42] *Id.* at 1073 (internal quotations and citation omitted).

[43] Memorandum in Opposition at 9-10.

[44] Motion to Intervene at 10.

**ORDER**

IT IS HEREBY ORDERED, that the Motion to Intervene[45] is GRANTED.

IT IS FURTHER ORDERED that JRAT is permitted leave to file its complaint in intervention within fourteen days of this order.

Signed September 15, 2016.

BY THE COURT

District Judge David Nuffer

---

[45] Docket no. 42.