## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRIENDS OF TUHAYE, LLC, a Delaware limited liability company,<br><br>               Plaintiff,<br>v.<br><br>TUHAYE HOMEOWNERS ASSOCIATION, a Utah non-profit organization,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [65] DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:14-cv-00901<br><br>District Judge David Nuffer |

## BACKGROUND

Defendant Tuhaye Homeowners Association ("Tuhaye HOA"), the homeowners' association for Tuhaye, a planned community in Kamas, Utah (the "Tuhaye Development"), has moved for summary judgment against plaintiff Friends of Tuhaye, LLC ("Friends of Tuhaye"), a developer that has owned eight lots within the Tuhaye Development relevant to this action. All of the lots owned by Friends of Tuhaye at the Tuhaye Development were organized into a distinct sub-community called Christopher Communities at Tuhaye (the "Christopher Development"), which is within and subject to the Tuhaye Development. Tuhaye HOA contends that it was authorized under the Declaration of Covenants, Conditions and Restrictions for the Tuhaye Development (the "Master Covenants") to backfill foundations on the Christopher Development lots to abate conditions it concluded were a hazardous and unsightly nuisance. Friends of Tuhaye contends that the Tuhaye HOA is liable for trespass and other claims for relief because the lots within the Christopher Development were not subject to Assessments or Assessment Liens under the Master Covenants as long as those lots were owned by Friends of Tuhaye, a self-described "sub-declarant," rather than a third-party resident.

Tuhaye HOA filed a motion for summary judgment on its counterclaims, as well as Friends of Tuhaye's claims (the "Motion").[1]  Tuhaye HOA seeks summary judgment on each of its claims, which include declaratory relief, breach of contract, lien foreclosure, and indemnification for attorneys' fees and costs.[2]  Tuhaye HOA also seeks dismissal of each of Friends of Tuhaye's claims, which include mandatory injunction, trespass, slander of title, declaratory relief, and breach of the covenant of good faith and fair dealing.[3]  Friends of Tuhaye filed an opposition to the Motion (the "FOT Opposition").[4]

JRAT Investments, LLC ("JRAT"), which intervened in the action based on its purchase of six of the eight lots at issue in the case, also opposed the Motion.[5]  JRAT has asserted claims against Friends of Tuhaye for breach of contract, fraud, and injunctive and declaratory relief related to the purchase.  Tuhaye HOA has cross-claimed against JRAT for breach of contract and lien foreclosure.  These stated claims by and against JRAT were not raised in the Motion and are not resolved by this Memorandum Decision and Order.

Because the undisputed facts show that Friends of Tuhaye and its Christopher Development are indeed subject to the Master Covenants, including nuisance prohibitions and Assessments, as a matter of law, and because Tuhaye HOA acted within its rights and authority in abating the nuisance at the Christopher Development, the Motion is fully GRANTED in favor of defendant Tuhaye HOA.

---

[1] Defendant's Motion for Summary Judgment on Plaintiff's Claims, and Defendant's Counterclaims, docket no. 65, filed Feb. 1, 2017.

[2] Amended Answer to First Amended Complaint and Counterclaim (Counterclaim), docket no. 35, filed March 8, 2017.

[3] First Amended Complaint, docket no. 33, filed February 16, 2016.

[4] Plaintiff's Opposition to Defendant Tuhaye Homeowners Association's Motion for Summary Judgment, docket no. 69, filed Mar. 6, 2017.

[5] Memorandum in Opposition to Defendant Tuhaye Homeowners Association's Motion for Summary Judgment (JRAT Opposition), docket no. 67, filed Mar. 3, 2017.

**Table of Contents**

BACKGROUND .................................................................................................. 1
UNDISPUTED MATERIAL FACTS ................................................................ 4
STANDARD OF REVIEW ................................................................................. 13
DISCUSSION ...................................................................................................... 14

    The Tuhaye HOA Is Entitled to Summary Judgment on the Competing Claims for
        Declaratory Relief Concerning Whether Friends of Tuhaye Violated the Master
        Covenants.................................................................................................... 14

        *Friends of Tuhaye Is Subject to the Master Covenants of the Tuhaye
            Development.* ........................................................................................ 14

        *Tuhaye HOA Acted within Its Authority by Abating Nuisance on the Christopher
            Development Lots and Assessing the Cost to Friends of Tuhaye.* ............ 17

    Each of Friends of Tuhaye's Other Claims Are Properly Dismissed. .............................. 20

        *The Trespass Claim Must Be Dismissed.* ................................................................. 20

        *The Slander of Title Claim Must Be Dismissed.* .................................................. 20

        *The Mandatory Injunction Claim Is Denied.* ........................................................ 21

        *The Breach of the Covenant of Good Faith and Fair Dealing Claim Must Be
            Dismissed.* ........................................................................................... 21

    Summary Judgment on Each of Tuhaye HOA's Other Counterclaims Must Be Granted.22

        *Summary Judgment on the Breach of Contract Claim Is Granted.* ..................... 22

        *Summary Judgment on the Lien Foreclosure Claim Is Granted.* ......................... 22

        *Attorneys' Fees and Costs Are Awarded.* ............................................................. 23

    The Claims by and against JRAT Investments Are Not Resolved by the Motion. .......... 23

CONCLUSION..................................................................................................... 24
ORDER ................................................................................................................. 25

<h1 align="center">UNDISPUTED MATERIAL FACTS[6]</h1>

1. [Tuhaye HOA] is a Utah non-profit corporation and is the "master" association over other sub-associations within its boundaries.[7]

2. [The Tuhaye Development] was created by [the Master Covenants] recorded against all parcels and lots within the Tuhaye community in the Wasatch County Recorder's Office on June 4, 2003 at Entry No. 258750.[8]

3. [Friends of Tuhaye] is a Nevada-based residential developer that developed [the Christopher Community] as a sub-community within [the Tuhaye Development].[9]

4. The *Supplemental Annexation Declaration to the Declaration of Covenants, Conditions, and Restrictions and Reservation of Easements for Christopher Communities at Tuhaye* (the "Christopher Covenants") was recorded on all the lots owned by [Friends of Tuhaye] in the Wasatch County Recorder's Office on November 15, 2007 at Entry No. 328618.[10]

---

[6] Neither the Motion nor the two opposition memoranda comply with the procedures for setting forth and disputing facts on summary judgment under DUCivR 56-1. Therefore, the undisputed material facts in this Memorandum Decision and Order have been drawn from a comparison of the statements of fact in the parties' memoranda. Where neither Friends of Tuhaye nor JRAT have presented a genuine dispute as to facts stated by Tuhaye HOA, or where Tuhaye HOA's fact statements recite provisions of undisputed recorded documents, those facts are cited and relied upon here. Tuhaye HOA also conceded a number of Friends of Tuhaye's statements of fact in its Reply Memorandum in Support of Defendant's Motion for Summary Judgment on Plaintiff's Claims, and Defendant's Counterclaims ("Reply to FOT"), p. 3, docket no. 73, filed Mar. 20, 2017. Those facts also are cited and relied upon where indicated.

[7] Motion ¶ 1 at 5, citing Master Covenants, docket no. 65-2.

[8] Motion ¶ 2 at 5, citing Master Covenants, docket no. 65-2.

[9] FOT Opposition ¶ 3 at 5–6; Reply to FOT at 3.

[10] Motion ¶ 3 at 5–6, citing Christopher Covenants, docket no. 65-3.

5.    [The Christopher Development] is a community comprised of 46 lots. [The Christopher Development] has its own homeowners' association called Christopher Communities at Tuhaye Homeowners Association ("Christopher HOA").[11]

6.    The lots that are the subject of this action (the "Subject Properties") are identified on the *Christopher Communities at Tuhaye POD B Subdivision Plat*, recorded in the Wasatch County Recorder's Office on October 7, 2005 at Entry No. 290057 ("Christopher Plat"), and are known as follows:

- 3160 E. Arrowhead Trail (Lot 1);
- 3136 E. Arrowhead Trail (Lot 2);
- 3134 E. Arrowhead Trail (Lot 3);
- 3130 E. Arrowhead Trail (Lot 4);
- 3121 E. Arrowhead Trail (Lot 9);
- 3123 E. Arrowhead Trail (Lot 10);
- 3210 E. Broken Spear Trail (Lot 15), and
- 3226 E. Broken Spear Trail (Lot 18).[12]

7.    General Plat Notes #1 on the Christopher Plat states:

The Master Association is responsible for the operation and maintenance of the property throughout the Tuhaye Development pursuant to the Master Declaration and for the governance of all of the Owners in the Tuhaye Development pursuant to the Bylaws and Articles for the Master Association. The Sub-Association is created for the purpose of sharing certain Common Areas and receiving benefits or services which are not provided to all Residences in the Tuhaye Development. . . . . Each Association shall be responsible for enforcement of their respective Governing Documents pursuant to separate Boards of Directors. Each Owner in Christopher Communities shall be a member of the Master Association and the Sub-Association and shall have the rights appurtenant to each Association.[13]

8.    General Plat Notes #2 on the Christopher Plat states:

The Residence [sic] (which include a Lot and a single family attached or detached home) and the Common Areas are covered by a Master Declaration of Covenants,

---

[11] FOT Opposition ¶ 17 at 8; Reply to FOT at 3.

[12] Motion ¶ 4 at 6, citing Christopher Plat, [docket no. 65-4](#).

[13] Christopher Plat, [docket no. 65-4](#).

Conditions and Restrictions for Tuhaye (the "Master Declaration"), and by a Subordinate Declaration of Covenants, Condition and Restrictions for Christopher Communities (the "Sub Declaration"). Each Owner of a Residence will be a member of both the Tuhaye Home Owners Association (the "Master Association") and the Christopher Communities at Tuhaye Home Owners Association (the "Sub Association").[14]

9.      General Plat Notes #13 on the [Christopher Plat] states, "All of the Property on this Plat is subject to the Declaration of Covenants, Conditions and Restrictions for Tuhaye (the "Master Declaration")."[15]

10.     Recital "E" of the [Christopher Covenants] states: "The POD B Additional Land, the Residences to be built thereon and the Owners of such Residences are also subject to that certain master Declaration of Covenants, Conditions and Restrictions for TUHAYE, A PLANNED COMMUNITY [the Master Covenants], recorded in the Office of the County Recorder of Wasatch County, Utah, in June 4, 2003, as Instrument No. 258750 in Book 0628."[16]

11.     Paragraph 2 of the [Christopher Covenants] states: "The POD B Additional land and Residences to be built thereon are hereby made subject to the Master Declaration; and to the extent that any of the provisions contained herein conflict with provisions of the [Master Covenants], the [Master Covenants] shall control."[17]

12.     The Utah Public Offering Statement for the [Christopher Development], which was created by [Friends of Tuhaye] in August 2005 (the "Public Offering Statement"), states:

> The Subdivision is also subject to all the applicable provisions of the TUHAYE HOME OWNERS ASSOCIATION, INC., a Utah nonprofit corporation (the "Master Association"), the Master Association articles of incorporation, bylaws, rules and regulations, design criteria or other documents or requirements, all set forth in the Master Declaration and the Master Association bylaws, as the same may be duly supplemented, amended or modified from time to time . . . each Lot

---

[14] Christopher Plat, docket no. 65-4.

[15] Christopher Plat, docket no. 65-4.

[16] Christopher Covenants, p. 2, docket no. 65-3.

[17] *Id.*, p. 3.

owner will also be a member of the Master Association, and will be entitled to all the benefits, and subject to the obligations (including the obligation to pay Master Association assessments, transfer fees, and any other amounts which may be assessed under the Master Declaration) arising from such membership. Purchasers of Lots in the Subdivision should make their own independent inquiry into the requirements of the Master Association . . . the Master Association will levy assessments against each Lot for the purpose of financing the maintenance of the Master Association common areas and other Master Association functions and obligations, which assessments are subject to increase in accordance with the Master Declaration. If the Master Association assessments are not timely paid, the Master Association will have the right to enforce payment by legal action or by foreclosing upon the Lot.[18]

13.     [Tuhaye HOA] is directed and managed by a Board of Directors.[19]

14.     The Architectural Review Committee ("ARC") is the body—appointed by the Board—that is responsible for promulgating rules, regulations and guidelines regarding construction activities, and enforcing such rules and the provisions of the [Master Covenants] pertaining to construction activities on the lots.[20]

15.     From approximately July 2005 up and until December of 2008, [Friends of Tuhaye] constructed and sold residential homes within [the Christopher Development].[21]

16.     Between approximately October 2007 and October 2008, [Friends of Tuhaye] poured concrete-form foundations for all eight (8) of the residential lots on the Subject Properties.[22]

17.     In or around December of 2008, after [Friends of Tuhaye] poured the concrete foundations on the Subject Properties, all construction thereon halted.[23]

---

[18] Public Offering Statement, pp. 16–17, docket no 65-5.

[19] Motion ¶ 11 at 8, citing Master Covenants, Sec. 5.2, docket no. 65-2.

[20] Motion ¶ 12 at 8, citing Master Covenants, Sec. 5.10.1-2, docket no. 65-2.

[21] Motion ¶ 13 at 8; First Amended Complaint, ¶ 10, docket no. 33.

[22] Motion ¶ 14 at 8; First Amended Complaint, ¶ 11, docket no. 33.

[23] Motion ¶ 15 at 8; First Amended Complaint, ¶ 12, docket no. 33.

18.     From December of 2008 to the Fall of 2012, the concrete foundations on the

Subject Properties sat dormant, wherein concrete and rebar was exposed [].[24]

19.     Section 3.4 of the [Master Covenants] states:

Each Owner of a Lot or Parcel shall properly maintain and keep properly
cultivated, and free of trash, weeds and other unsightly material, all shrubs, trees,
hedges, grass and plantings of every kind (collectively, Landscaping) located on:
(a) his, her or its Lot or Parcel. … Notwithstanding anything to the contrary
herein, portions of the Lot or Parcel may be maintained with natural ground cover
and growth as permitted by the Architectural Review Committee.[25]

20.     Section 3.5 of the [Master Covenants] states:

No other nuisance shall be permitted to exist or operate upon or adjacent to any
Lot, Parcel or other property so as to be offensive or detrimental to any other
property in the vicinity thereof or to its occupants . . .The Architectural Review
Committee in its sole discretion shall have the right to determine the existence of
any such nuisance. The provisions of this Section shall not apply to construction
activities of Declarant.[26]

21.     Section 3.7 of the [Master Covenants] states:

No Residence, building, structure or other Improvement on any Lot, Parcel or
other property shall be permitted to fall into disrepair and each such Residence,
building, structure and other Improvement shall at all times be kept in good
condition and repair and adequately painted or otherwise finished.[27]

22.     Section 7.5 of the [Master Covenants] states:

In the event any portion of any Lot or Parcel is so maintained as to present a
public or private nuisance, or as to substantially detract from the appearance or
quality of the surrounding Lots and Parcels or other areas of the Project which are
substantially affected thereby or related thereto, or in the event any portion of the
Lot or Parcel is being used in a manner which violates this Declaration, or in the
event any Owner of any Lot or Parcel is failing to perform any of its obligations
under the Project Documents, the Board may make a finding to such effect,
specifying the particular condition or conditions that exist, and pursuant thereto
give notice thereof to the offending Owner that unless corrective action is taken

[24] Motion ¶ 16 at 8, citing Affidavit of Trish Waterman, ¶ 6, docket no. 65-6; FOT Opposition ¶ 34 (admitting "the
foundations had been exposed for years").

[25] Motion ¶ 18 at 9, citing Master Covenants, Sec. 3.4, docket no. 65-2.

[26] Motion ¶ 19 at 9 (emphasis omitted), citing Master Covenants, Sec. 3.5, docket no. 65-2.

[27] Motion ¶ 20 at 9–10, citing Master Covenants, Sec. 3.7, docket no. 65-2.

within fourteen (14) days, the Board may cause such action to be taken at said Owner's cost. If at the expiration of said 14-day period the requisite corrective action has not been taken, the Board shall be authorized and empowered to cause such corrective action as it deems appropriate to be taken and the cost thereof shall be added to and become a part of the Assessment to which the offending Owner and the Owner's Lot or Parcel is subject and shall be secured by the Assessment Lien.[28]

23. On August 6, 2009, the [Christopher HOA]—of which Ken Sailley was the president—held its annual meeting during which the following was documented in meeting minutes:

Christopher Homes has some foundations that were built in projection of anticipated start date. There are some concerns regarding the unsightliness of the foundations. Christopher Homes originally was going to install a fence around the foundation. They are now planning on cutting down the pipes, bring down the straps, weeding, bringing in top soil. No irrigation will be installed as it is a temporary fix.[29]

24. On April 20, 2012, the Tuhaye Board of Directors held a board meeting during which the directors discussed [Friends of Tuhaye's] exposed foundations as a violation of the governing documents, and stated that the [Tuhaye HOA] would resign as [the Christopher Development's] property manager.[30]

25. On June 5, 2012, the Tuhaye Board of Directors sent a FedEx envelope to Ken Sailley of [Friends of Tuhaye] containing *Notice of Immediate Enforcement* letters dated May 11, 2012 and June 5, 2012, informing him that [Friends of Tuhaye's] exposed and unfinished foundations were a violation of the Governing Documents.[31]

---

[28] Motion ¶ 17 at 9, citing Master Covenants, Sec. 7.5, docket no. 65-2.

[29] Motion ¶ 21 at 10 (emphasis omitted), citing August 6, 2009 Annual Meeting Minutes, p. 2, docket no. 65-13.

[30] Motion ¶ 23 at 10, citing Affidavit of Trish Waterman, ¶ 7, docket no. 65-6.

[31] Motion ¶ 24 at 10, citing Affidavit of Trish Waterman, ¶ 9, docket no. 65-6; FOT Opposition ¶ 32 at 11; Reply to FOT at 3.

26.     On July 18, 2012, the Tuhaye Board of Directors held a meeting during which the Board discussed that Ken Sailley of [Friends of Tuhaye] had not responded to any of the enforcement letters sent by the board, and that the [Tuhaye HOA] would resign as [the Christopher Development's] manager effective August 6, 2012.[32]

27.     On July 30, 2012, Louise Redfern, an Owner within the [Christopher Development], sent a letter with pictures complaining of the safety hazard caused by the exposed foundations to the Wasatch County Fire District and the Wasatch County Building Office, and she copied Ken Sailley of [Friends of Tuhaye].[33]

28.     David Eigen, who lives next to one or more of the exposed foundations, complained of the attractive nuisance that the exposed foundations posed to his young sons, and he communicated this to the [Christopher Development] representatives. . . . Mr. Eigen complained to the [board of the Tuhaye HOA] of the problem the exposed foundations posed.[34]

29.     Jim Wolf, also an owner within the [Christopher Development], complained to [the Christopher HOA] of the safety hazard caused by the exposed foundations as well, and [] complained to the [board of the Tuhaye HOA].[35]

30.     On September 10, 2012, [Tuhaye HOA's] legal counsel, on behalf of the board of directors and the ARC, sent a letter to Ken Sailley of [the Christopher HOA] stating that (a) the Board and ARC deemed the exposed and unfinished foundations a "nuisance" pursuant to Article 7, Section 7.5 of the [Master Covenants], (b) the Tuhaye Board and the ARC had determined that the most reasonable way to abate the nuisance was to cover the exposed

---

[32] Motion ¶ 25 at 10–11, citing Affidavit of Trish Waterman, ¶ 10, docket no. 65-6.

[33] Motion ¶ 26 at 11, citing Affidavit of Trish Waterman, ¶ 11, docket no. 65-6.

[34] Motion ¶ 27 at 11, citing Affidavit of David Eigen, docket no. 65-14.

[35] Motion ¶ 28 at 11, citing Affidavit of Jim Wolf, docket no. 65-15.

foundations with quality top soil, and (c) [the Christopher HOA] had 14 days to abate the nuisance in a manner satisfactory to the [Tuhaye HOA] board and ARC.[36]

31.     Neither [Friends of Tuhaye] nor [the Christopher HOA] responded to the September 10, 2012 letter [specifically].[37]

32.     On October 16, 2012, the [Tuhaye HOA] board of directors held a meeting during which the directors reiterated their decision that the exposed foundations were a nuisance, and found that [a] chain-link fence proposed by [Friends of Tuhaye] would not mitigate the nuisance, eyesore, and safety hazard posed by the exposed foundations.[38]

33.     [Tuhaye HOA] then threatened to backfill the foundations with dirt. [Friends of Tuhaye] immediately and repeatedly instructed [Tuhaye HOA] that it was not authorized to trespass upon [Friends of Tuhaye's] land. Moreover, [Friends of Tuhaye] advised [Tuhaye HOA], in writing, of its significant investment and the substantial value of the subject foundations.[39]

34.     On October 31, 2012, [the Tuhaye HOA] and its Board began to . . . [bury] the foundations with native and quality top soil, and assessed [Friends of Tuhaye] the cost of that work.[40]

---

[36] Motion ¶ 34 at 12, citing Affidavit of Trish Waterman, ¶ 16, docket no. 65-6.

[37] Motion ¶ 35 at 12, citing Affidavit of Trish Waterman, ¶ 17, docket no. 65-6.

[38] Motion ¶ 36 at 12–13, citing Affidavit of Trish Waterman, ¶¶ 18–19, docket no. 65-6.

[39] FOT Opposition ¶ 39 at 12; Reply to FOT at 3.

[40] Motion ¶ 37 at 13, citing Affidavit of Trish Waterman, ¶¶ 20–22, docket no. 65-6.

35.     In approximately early July of 2013, after [Friends of Tuhaye] had failed to pay the foundation burial costs, [the Tuhaye HOA] and its board recorded assessment liens on the Subject Properties for the burial costs.[41]

36.     Under Section 1.21 of the Master Covenants, "Declarant" means Tuhaye LLC, a Utah limited liability company, and its successors, and any Person to whom Tuhaye LLC may **expressly assign** any or all of its rights under this Declaration.[42]

37.     Friends of Tuhaye has not shown evidence of an assignment of declarant rights.[43]

38.     On March 26, 2014, [Friends of Tuhaye] entered into a purchase and sale agreement with [JRAT]. Pursuant to the agreement, [Friends of Tuhaye] agreed to sell and JRAT agreed to buy six of the eight [Christopher Development] properties located at: 3160 E. Arrowhead Trail; 3136 E. Arrowhead Trail; 3134 E. Arrowhead Trail; 3130 E. Arrowhead Trail; 3121 E. Arrowhead Trail; and 3123 E. Arrowhead Trail (the "Arrowhead Trail Properties"). The transaction closed on August 21, 2014.[44]

39.     The two properties still owned by [Friends of Tuhaye are] 3210 E. Broken Spear Trail (Lot 15) and 3226 E. Broken Spear Trail (Lot 18).[45]

40.     Section 6.1 of the Master Covenants provides:

[E]ach Owner, other than the Declarant, by becoming the Owner of a Lot or Parcel, is deemed to covenant and agree, to pay Assessments to the Association in accordance with this Declaration. All Assessments shall be established and collected as provided in this Declaration. The Assessments, together with interest, late charges and all costs, including but not limited to reasonable attorneys fees, incurred by the Association in collecting or attempting to collect delinquent

---

[41] Motion ¶ 37 at 13, citing Affidavit of Trish Waterman, ¶¶ 20–22, docket no. 65-6; Master Covenants, Sec. 7.5, docket no. 65-2; Utah Code Ann. § 57-8a-301–306.

[42] Master Covenants, Sec. 1.21, docket no. 65-2 (emphasis added).

[43] *See generally,* FOT Opposition.

[44] FOT Opposition ¶ 22 at 9; Reply to FOT at 3.

[45] FOT Opposition ¶ 23 at 9; Reply to FOT at 3.

Assessments, whether or not suit is filed, shall be a charge on the Lot or Parcel and shall be a continuing lien upon the Lot or Parcel against which each such Assessment is made. Each Assessment, together with interest and all costs, including but not limited to reasonable attorneys fees, incurred by the Association in collecting or attempting to collect delinquent Assessments, whether or not suit is filed, shall also be the personal obligation of each Person who was an Owner of the Lot or Parcel at the time when the Assessment became due.[46]

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[47] "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."[48] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[49] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[50] "As to materiality, the substantive law will identify which facts are material."[51] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[52] "Factual disputes that are irrelevant or unnecessary will not be counted."[53]

---

[46] Master Covenants, Sec. 6.1, docket no. 65-2.

[47] Fed. R. Civ. P. 56(a).

[48] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

[49] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[50] *Id.*

[51] *Anderson*, 477 U.S. at 248.

[52] *Id.*

[53] *Id.*

**DISCUSSION**

**The Tuhaye HOA Is Entitled to Summary Judgment on the Competing Claims for Declaratory Relief Concerning Whether Friends of Tuhaye Violated the Master Covenants.**

Tuhaye HOA and Friends of Tuhaye have pleaded competing claims for declaratory relief. Friends of Tuhaye seeks an interpretation of the Tuhaye Development's governing documents ordering that the Christopher Development is not subject to the Master Covenants until Friends of Tuhaye sells the Subject Properties to third-party purchasers and the properties become subject to assessments.[54] The Tuhaye Association seeks an order that the governing documents, including the Master Covenants, are binding on Friends of Tuhaye under Friends of Tuhaye's ownership.[55] This dispute over the parties' adverse legal interests constitutes an actual and substantial controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[56] IThe governing documents, including the Master Covenants and Christopher Covenants, show that Friends of Tuhaye is subject to the Tuhaye HOA and its governing documents. Therefore, as a matter of law, Tuhaye HOA is entitled to declaratory relief.

***Friends of Tuhaye Is Subject to the Master Covenants of the Tuhaye Development.***

The Master Covenants bind all "Owners" of lots or parcels within the Tuhaye Development.[57] Section 2.1 of the Master Covenants provides that a person is subject to the Master Covenants "by acceptance of a deed or by acquiring any interest in any of the property

---

[54] Amended Complaint, ¶¶ 58–61, docket no. 33; FOT Opposition at 26.

[55] Amended Answer and Counterclaim, ¶¶ 71–74, docket no. 35.

[56] *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting *Maryland Casualty Co.* v. *Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

[57] Master Covenants, Sec. 2.1, docket no. 65-2

subject to the [Master Covenants]."[58] Friends of Tuhaye is an Owner within the Tuhaye Development[59] as the fee title owner of the Subject Properties.[60]

That the Subject Properties are bound by the Master Covenants of the Tuhaye Development is not in dispute.[61]  The Christopher Plat notifies lot owners that "[Tuhaye HOA] is responsible for the operation and maintenance of the property throughout the Tuhaye Development pursuant to the [Master Covenants] and for the governance of all of the Owners in the Tuhaye Development."[62] The Christopher Plat also notifies lot owners that "[e]ach Owner in [the Christopher Development] shall be a member of [both Tuhaye HOA] and [Christopher HOA] and shall have the rights appurtenant to each Association."[63] The Christopher Plat further clarifies that "[a]ll of the Property on this Plat is subject to the [Master Covenants]."[64] The Christopher Covenants likewise provide that the land within the Christopher Development, the Residences to be built thereon, and the Owners of such Residences, are also subject to the Master Covenants, and that the Master Covenants control to the extent they conflict with the Christopher Covenants.[65] The Christopher Development reiterated in its Utah Public Offering Statement that it is subject to Tuhaye HOA, including the obligations imposed by the Master Covenants.[66]

Friends of Tuhaye nonetheless contends that it is not subject to the Master Covenants, and that the Subject Properties will become subject to the Master Covenants only when they are

---

[58] *Id.*

[59] Master Covenants, Sec. 1.36, docket no. 65-2

[60] FOT Opposition ¶ 3 at 5–6; Reply to FOT at 3.

[61] FOT Opposition at 26.

[62] Christopher Plat, General Plat Notes #1, docket no. 65-4.

[63] Christopher Plat, General Plat Notes #1, 2, docket no. 65-4.

[64] Christopher Plat, General Plat Notes #13, docket no. 65-4.

[65] Christopher Covenants, pp. 2–3, docket no. 65-3.

[66] Public Offering Statement, pp. 16–17, docket no 65-5.

sold to third-party purchasers and become subject to assessments.[67] There are some limited exceptions for the Declarant under the Master Covenants. Section 6.1 of the Master Covenants subjects all lots to a lien for Assessments[68] while excluding the Declarant from Annual Assessments.[69] And the Declarant is granted a limited exemption from the control of the ARC under the nuisance provisions of Section 3.5, which provides in part: "The provisions of this Section shall not apply to **construction activities** of Declarant.[70]

However, Friends of Tuhaye is not a Declarant or, more accurately, not *the* Declarant. The definitions in the Master Covenants, Section 1.21, require an express assignment for any person other than Tuhaye LLC to become the Declarant. Under Section 1.21 of the Master Covenants, Declarant "means Tuhaye LLC, a Utah limited liability company, and its successors, and any Person to whom Tuhaye LLC may **expressly assign** any or all of its rights under this Declaration."[71] Friends of Tuhaye has not shown evidence of an assignment of declarant rights.[72] The concept of a "sub-declarant," as employed by Friends of Tuhaye in its opposition to the Motion,[73] is not defined in the governing documents for the Tuhaye Development or the Christopher Development. As the declarant of a sub-community within the Tuhaye Development, nothing in the governing documents provides that Friends of Tuhaye is entitled to the exemptions for a Declarant.

---

[67] Amended Complaint, ¶¶ 58–61, docket no. 33; FOT Opposition at 26.

[68] Master Covenants, Sec. 6.1, docket no. 65-2.

[69] Master Covenants, Sec. 6.3.1(c), docket no. 65-2.

[70] Master Covenants, Sec. 3.5, docket no. 65-2 (emphasis added).

[71] Master Covenants, Sec. 1.21, docket no. 65-2 (emphasis added).

[72] *See generally,* FOT Opposition.

[73] FOT Opposition at 2.

Even if Friends of Tuhaye was a Declarant, and thus exempt from annual and special assessments, it would still be subject to the Master Covenants. Article 3, which governs permitted land uses and restrictions, applies to all Owners.[74] The Declarant exemptions are for payment of Annual Assessments, not for covenants generally. Friends of Tuhaye is and has been bound by the Master Covenants just as all Owners are.

### Tuhaye HOA Acted within Its Authority by Abating Nuisance on the Christopher Development Lots and Assessing the Cost to Friends of Tuhaye.

Section 7.5 of the Master Covenants authorizes and empowers the Tuhaye HOA, through its board, to enforce the Owners' duties to maintain their properties, including the use of corrective action after notice.[75] Such corrective actions and the attendant costs assessed to the offending Owner are not an annual assessment, and there is no Declarant exception to Section 7.5's enforcement provisions.[76]

Under Section 3.4 of the Master Covenants, Owners are required to "properly maintain" lots and parcels.[77] Similarly, Section 3.7 requires that "[n]o residence, building, structure or other Improvement" fall into disrepair on community property.[78] Tuhaye HOA's ARC promulgates and enforces rules regarding construction activities within the Tuhaye Development—and by extension, the Christopher Development, as a sub-community.[79]

Section 3.5 of the Master Covenants prohibits nuisances on community property and authorizes the ARC "in its sole discretion . . . to determine the existence of any such nuisance."[80]

---

[74] Master Covenants, Art. 3, docket no. 65-2.

[75] Master Covenants, Sec. 7.5, docket no. 65-2.

[76] *Id.*

[77] Master Covenants, Sec. 3.4, docket no. 65-2.

[78] Master Covenants, Sec. 3.7, docket no. 65-2.

[79] Master Covenants, Sec. 5.10.1-2, docket no. 65-2.

[80] Master Covenants, Sec. 3.5, docket no. 65-2.

This provision is not applicable to the Declarant, but as stated above, Friends of Tuhaye is not the Declarant or assignee of the Declarant. And even if it were, the exemption of the Declarant from the nuisance provisions of Section 3.5 applies only to "constructions activities of the Declarant." Section 3.5 describes construction activities as the "building of Improvements on a Lot, Parcel or other property." Leaving exposed foundations on the Subject Properties for years while construction is halted does not fall within "construction activities."[81] For these reasons Section 3.5 does not exempt Friends of Tuhaye from its nuisance provisions.

Section 7.5 of the Master Covenants provides enforcement authority for Tuhaye HOA, through its board, to intervene "[i]n the event any Lot or Parcel is so maintained as to present a public or private nuisance, or as to substantially detract from the appearance or quality of the surrounding Lots and Parcels or other areas of the Project" or if "event any portion of the Lot or Parcel is being used in a manner which violates [the Master Covenants]."[82] The process for enforcement under Section 7.5 of the Master Covenants starts with a finding by the board that a specific condition on a Lot or Parcel constitutes a nuisance or otherwise violates the Master Covenants.[83] The board gives notice to "the offending Owner that unless corrective action is taken within fourteen (14) days," Tuhaye HOA will intervene to correct the condition at the Owner's cost.[84] If the Owner does not take corrective action, Section 7.5 further authorizes the board to take corrective action on its own and to assess the cost to the offending Owner.[85]

---

[81] Master Covenants, Sec. 3.5, docket no. 65-2.

[82] Master Covenants, Sec. 7.5, docket no. 65-2.

[83] *Id.*

[84] *Id.*

[85] *Id.*

Here, the undisputed facts show that Tuhaye HOA, through its board and the ARC, justifiably exercised its authority to take corrective action and assess the cost to Friends of Tuhaye. In or around December of 2008, after Friends of Tuhaye poured the concrete foundations on the Subject Properties, all construction halted at those sites.[86] From that time until the Fall of 2012, the concrete foundations on the Subject Properties sat unfinished, and concrete and rebar was exposed.[87] The Christopher HOA acknowledged at a 2009 meeting that "concerns regarding the unsightliness of the foundations" needed to be addressed.[88] Then multiple residents of both the Christopher Development and the Tuhaye Development expressed concern about the safety of the Subject Properties.[89]

Tuhaye HOA complied with Section 7.5's notice provisions, giving multiple notices. Tuhaye HOA resigned as the Christopher Development's property manager effective August 6, 2012 after the Christopher HOA did not respond to two *Notice of Immediate Enforcement* letters.[90] On September 10, 2012, Tuhaye HOA's legal counsel, on behalf of the board of directors and the ARC, sent a letter to Ken Sailley of the Christopher HOA stating that (a) the Board and ARC deemed the exposed and unfinished foundations a "nuisance" pursuant to Article 7, Section 7.5 of the Master Covenants; (b) the Tuhaye Board and the ARC had determined that the most reasonable way to abate the nuisance was to cover the exposed foundations with quality top soil; and (c) the Christopher HOA had 14 days to abate the nuisance

---

[86] Motion ¶ 15 at 8; First Amended Complaint, ¶ 12, docket no. 33.

[87] Motion ¶ 16 at 8, citing Affidavit of Trish Waterman, ¶ 6, docket no. 65-6; FOT Opposition ¶ 34 (admitting "the foundations had been exposed for years").

[88] Motion ¶ 21 at 10, citing August 6, 2009 Annual Meeting Minutes, p. 2, docket no. 65-13.

[89] Motion ¶¶ 26–28 at 11; Affidavit of Trish Waterman, ¶ 11, docket no. 65-6; Affidavit of David Eigen, docket no. 65-14 citing Affidavit of Jim Wolf, docket no. 65-15.

[90] Motion ¶¶ 23–25 at 10, citing Affidavit of Trish Waterman, ¶¶ 7, 9, 10, docket no. 65-6; FOT Opposition ¶ 32 at 11; Reply to FOT at 3.

in a manner satisfactory to the [Tuhaye HOA] board and ARC.[91] When neither [Friends of Tuhaye] nor [the Christopher HOA] responded to the September 10, 2012 letter after more than 14 days, the board of Tuhaye HOA determined to take corrective action.[92] On October 31, 2012, Tuhaye HOA began burying the exposed foundations at the Subject Properties with topsoil, and assessed Friends of Tuhaye the cost of that work.[93] Each of these steps is consistent with the authority of Section 7.5, to which Friends of Tuhaye is subject.

<p align="center"><strong>Each of Friends of Tuhaye's Other Claims Are Properly Dismissed.</strong></p>

Each of the claims asserted by Friends of Tuhaye depends on the presumption that Friends of Tuhaye is not subject to the Master Covenants. Based on the finding above that Friends of Tuhaye violated the Master Covenants, each of its claims must be dismissed.

***The Trespass Claim Must Be Dismissed.***

Trespass is an infringement on the right of possession involving wrongful physical invasion of the lands of another.[94] Because Tuhaye HOA was authorized to enter the Subject Properties to abate the nuisance under Section 7.5 of the Master Covenants, no trespass has occurred as a matter of law.

***The Slander of Title Claim Must Be Dismissed.***

Slander of title clams under Utah law require proof of four elements: (1) there must be a publication, either oral or written, of a slanderous statement—one that is derogatory or injurious to the legal validity of an owner's title or to his or her right to sell the property; (2) the statement must be false; (3) the statement must have been made with malice; and (4) the statement must

---

[91] Motion ¶ 34 at 12, citing Affidavit of Trish Waterman, ¶ 16, [docket no. 65-6](#).

[92] Motion ¶ 36 at 12–13, citing Affidavit of Trish Waterman, ¶¶ 18–19, [docket no. 65-6](#).

[93] Motion ¶ 37 at 13, citing Affidavit of Trish Waterman, ¶¶ 20–22, [docket no. 65-6](#).

[94] *Walker Drug Co. v. La Sal Oil Co.*, 972 P.2d 1238, 1243 (Utah 1998)

cause actual or special damages to the plaintiff.[95] Because the liens recorded against the Subject Properties for unpaid assessments were not false, no slander of title has occurred as a matter of law.

### *The Mandatory Injunction Claim Is Denied.*

Friends of Tuhaye seeks a mandatory injunction ordering Tuhaye HOA to remove the dirt it backfilled onto the Subject Properties and restore Friends of Tuhaye's remaining two lots on Broken Spear Trail.[96] Because Tuhaye HOA was authorized to take corrective action on the Subject Properties, Friends of Tuhaye is not, as a matter of law, entitled to such injunctive relief.

### *The Breach of the Covenant of Good Faith and Fair Dealing Claim Must Be Dismissed.*

Under the covenant of good faith and fair dealing, each party impliedly promises that not to intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract.[97] Friends of Tuhaye contends that Tuhaye HOA failed to deal with Friends of Tuhaye in good faith in addressing the exposed foundations on the Subject Properties.[98] Because the ARC appointed by the board of Tuhaye HOA had "sole discretion" to determine the existence of a nuisance,[99] and because Tuhaye HOA was authorized to take corrective action to abate the nuisance,[100] Tuhaye HOA did not, as a matter of law, breach the implied covenant of good faith and fair dealing.

---

[95] *Bass v. Planned Mgmt. Servs., Inc.*, 761 P.2d 566, 568 (Utah 1988).

[96] Amended Complaint, ¶¶ 36–41, docket no. 33.

[97] *Bastian v. Cedar Hills Investment & Land Co.*, 632 P.2d 818, 821 (Utah 1981).

[98] Amended Complaint, ¶¶ 64–69, docket no. 33.

[99] Master Covenants, Sec. 3.5, docket no. 65-2.

[100] Master Covenants, Sec. 7.5, docket no. 65-2.

**Summary Judgment on Each of Tuhaye HOA's Other Counterclaims Must Be Granted.**

Based on the finding above that Friends of Tuhaye violated the Master Covenants, each of Tuhaye HOA's claims in addition to the declaratory relief claim must be granted as to liability. This Memorandum Decision and Order does not award Tuhaye HOA's damages on the breach of contract claim, however, because the amount of Tuhaye HOA's damages was not stated in the Motion.[101]

***Summary Judgment on the Breach of Contract Claim Is Granted.***

The Master Covenants constitute a contract between Tuhaye HOA and all of the Owners subject to the Master Covenants.[102] For violating the Master Covenants, Friends of Tuhaye is liable to Tuhaye HOA for breach of contract as a matter of law.

***Summary Judgment on the Lien Foreclosure Claim Is Granted.***

Under Section 6.1 of the Master Covenants: "The Assessments, together with interest, late charges and all costs, including but not limited to reasonable attorneys fees, incurred by the Association in collecting or attempting to collect delinquent Assessments, whether or not suit is filed, shall be a charge on the Lot or Parcel and ***shall be a continuing lien upon the Lot or Parcel*** against which each such Assessment is made."[103] On or about early July of 2013, after Friends of Tuhaye had failed to pay the costs of burying the exposed foundations, Tuhaye HOA and its board recorded assessment liens on the Subject Properties for the costs incurred by Tuhaye HOA for the corrective action.[104] Because these liens were authorized, Tuhaye HOA is

---

[101] Defendant's Motion for Summary Judgment on Plaintiff's Claims, and Defendant's Counterclaims, docket no. 65, filed Feb. 1, 2017. It may be that the amounts of the liens are stated in the Escrow Instructions, docket no. 69-11, filed March 6, 2017.

[102] *Swan Creek Vill. Homeowners v. Warne*, 134 P.3d 1122, 1131 (Utah 2006).

[103] Master Covenants, Sec. 6.1, docket no. 65-2 (emphasis added).

[104] Motion ¶ 37 at 13, citing Affidavit of Trish Waterman, ¶¶ 20–22 [26], docket no. 65-6; Master Covenants, Sec. 7.5, docket no. 65-2; Utah Code Ann. § 57-8a-301–306.

entitled to judgment as a matter of law on its claim. Under DUCivR 54-1(b) Tuhaye HOA shall

submit a judgment including a decree of foreclosure when the remaining issues in the case are

resolved.

***Attorneys' Fees and Costs Are Awarded.***

Section 6.1 of the Master Covenants permits Tuhaye HOA to include reasonable

attorneys' fees in its costs assessed to an offending Owner for delinquent assessments. [105]

Accordingly, Tuhaye HOA is entitled to an award of its attorneys' fees arising out of

enforcement of its rights in this action. When the remaining issues in the case are resolved,

Tuhaye HOA shall file a motion for adjudication of its attorneys' fees.

**The Claims by and against JRAT Investments Are Not Resolved by the Motion.**

JRAT was granted leave to intervene in this action.[106] JRAT filed an Intervenor

Complaint against Friends of Tuhaye, LLC asserting claims for breach of contract, fraud, and

injunctive and declaratory relief.[107] Those claims are not adjudicated by this Memorandum

Decision and Order. Tuhaye HOA asserted claims against JRAT for lien foreclosure and breach

of contract.[108] The Motion does not raise JRAT's claims or the claims against JRAT, and those

claims are not decided by this Memorandum Decision and Order.

This Memorandum Decision and Order also does not affect the disposition of certain

funds held in escrow from the sale of the Arrowhead Trail Properties on August 21, 2014.[109]

Tuhaye HOA asked for "an Order immediately releasing funds currently held in escrow to cover

---

[105] Master Covenants, Sec. 6.1, docket no. 65-2.

[106] Memorandum Decision and Order Granting Motion to Intervene, docket no. 46, entered Sept. 15, 2016.

[107] Intervenor Complaint, docket no. 47, filed Sept. 29, 2016.

[108] Defendant's Cross-claim against JRAT Investments, LLC, docket no. 56, filed Oct. 5, 2016.

[109] Escrow Instructions, Exhibit 10 to FOT Opposition, docket no. 69-11, filed March 6, 2017.

the lien amounts for FOT's lots 15 & 18."[110]  JRAT resists this relief because "the Escrowed Funds represent JRAT's best chance of recovering any of its damages caused by FOT. . . .  JRAT asserts a claim against the Escrowed Funds."[111]

JRAT disputed Tuhaye HOA's right to payment from the funds, and Tuhaye HOA conceded that a "request for adjudication and release of any Escrowed Funds securing the liens on the Lots owned by JRAT is premature."[112] Those funds are not in the control of the court, though orders could issue when damages are adjudicated.

## CONCLUSION

The undisputed material facts demonstrate that Friends of Tuhaye and the lots they owned are subject to the Master Covenants of the Tuhaye Development.  Tuhaye HOA is entitled to declaratory judgment that Friends of Tuhaye violated the Master Covenants and that Tuhaye HOA acted within its authority in entering the Subject Properties and backfilling exposed foundations on those lots to abate a nuisance.  Tuhaye HOA acted within its authority by assessing to Friends of Tuhaye, the owner of the lots at the time the Assessments were made, the costs of abating a nuisance on the Subject Properties.  The lien of the Assessments is valid.  Consistent with this finding, Friends of Tuhaye's claims for mandatory injunction, trespass, slander of title, declaratory relief, and bad faith are not supported as a matter of law and must be dismissed.  Tuhaye HOA is entitled to judgment as a matter of law on its claim for declaratory relief, breach of contract, lien foreclosure, and indemnification for attorneys' fees and costs.

---

[110] Motion at 29.  *See* First Amended Complaint ¶ 35.

[111] JRAT Opposition at 2. *See* Intervenor Complaint, ¶¶ 46-47.

[112] Reply to JRAT's Opposition to Defendant's Motion for Summary Judgment, p. 2, docket no. 71.

**ORDER**

IT IS HEREBY ORDERED that Tuhaye HOA's Motion for Summary Judgment[113] is

GRANTED.

IT IS FURTHER ORDERED that all claims by plaintiff Friends of Tuhaye against

Tuhaye HOA are dismissed.

IT IS FURTHER ORDERED that Tuhaye HOA's claims for (1) Declaratory Relief, (2)

Breach of Contract, (3) Lien Foreclosure, and (4) Indemnification for Attorneys' Fees and Costs

are granted. However, the award for damages for breach of contract is deferred pending proof.

No claims by or against JRAT are resolved by this order.


Dated June 7, 2017.

<div style="margin-left:40%">

BY THE COURT:

_____

David Nuffer
United States District Judge

</div>

---

[113] Defendant's Motion for Summary Judgment on Plaintiff's Claims, and Defendant's Counterclaims, docket no. 65, filed Feb. 1, 2017.