Paxton R. Guymon, Esq.
Utah State Bar No. 8188
Lauren Parry Johnson, Esq.
Utah State Bar No. 11420
**YORK HOWELL & GUYMON**
6405 S. 3000 E., Suite 150
Salt Lake City, Utah 84121
(801) 527-1040 – Telephone
(801) 527-1000 – Facsimile
paxton@yorkhowell.com
lauren@yorkhowell.com

Dale A. Hayes, Jr., Esq.
Nevada State Bar No. 9056
**THE HAYES LAW FIRM**
4735 S. Durango Dr., Suite 105
Las Vegas, Nevada 89147
(702) 656-0808 – Telephone
(702) 655-1047 – Facsimile
dhayes@hayeslawNV.com
*Attorneys for Plaintiff*
*Friends of Tuhaye, LLC &*
*Third-Party Defendant Christopher Stuhmer*
*Admitted Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRIENDS OF TUHAYE, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>vs.<br><br>TUHAYE HOMEOWNERS ASSOCIATION, a Utah non-profit organization,<br><br>                    Defendant. | Case No.: 2:14-cv-00901-DN<br>Judge: David Nuffer<br><br>**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION AND MEMORANDUM FOR AWARD OF DAMAGES AND ADJUDICATION OF ATTORNEYS' FEES** |
| ALL RELATED MATTERS | |

## PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION AND MEMORANDUM FOR AWARD OF DAMAGES AND ADJUDICATION OF ATTORNEYS' FEES

Plaintiff FRIENDS OF TUHAYE, LLC (hereinafter "FOT"), by and through its counsel

of record, Dale A. Hayes, Jr., Esq. of The Hayes Law Firm, hereby submits its Sur-Reply to Defendant's Reply in Support of Motion and Memorandum for Award of Damages and Adjudication of Attorneys' Fees.  This Sur-Reply is made and based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, the attached exhibits and the deposition testimony of Defendant's FRCP 30(b)(6) designee concerning the costs associated with the backfilling of the lots.

DATED this 14th day of December, 2017.

**THE HAYES LAW FIRM**

By    /s/ Dale A. Hayes, Jr.
Dale A. Hayes, Jr., Esq.
Nevada Bar No. 9056
4735 S. Durango Drive, Suite 105
Las Vegas, Nevada 89147
(702) 656-0808 – Telephone
(702) 655-1047 - Facsimile
dhayes@hayeslawNV.com
*Attorney for Plaintiff Friends of Tuhaye, LLC &*
*Third-Party Defendant Christopher Stuhmer*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    LAW AND ARGUMENT.**

Defendant Tuhaye Homeowners Association's (hereinafter the "HOA") Reply is comprised of meritless arguments.  Because the HOA's motion for attorneys' fees was time-barred by 113 days, the HOA asserted only desperation arguments including that various exceptions to Rule 54(d)(2) applied.  The HOA asserted no legal authority in support of its arguments.  As set forth below, the governing case law defeats the HOA's arguments and its motion for attorneys' fees must be denied as time barred.  Next, the HOA argues that the attorneys' fee it is requesting are reasonable.  As clarified below, the HOA's arguments do little more than misrepresent the subject time entries and/or supplement the same with additional

services in an effort to mask the excessive billing practices in this case.  Finally, the HOA failed to satisfy its burden to establish its damages with its initial Motion.  At the time of the November 7, 2017, Status Conference, the Court provided the HOA with a second chance to submit admissible evidence to satisfy its burden.  In response, the HOA submitted only the affidavit of a witness that has never been disclosed along with documents that have never been disclosed.  The foregoing "evidence" is inadmissible as a matter of law.  The HOA's request for damages should therefore be denied.

### A.    THE HOA'S MOTION FOR ATTORNEYS' FEES IS TIME BARRED.

In replying to FOT's arguments regarding the untimeliness of the HOA's motion for attorneys' fees, the HOA asserts three arguments: (1) its motion is not time-barred because the Court "already awarded" it attorneys' fees; (2) a Utah statute provides an alternate deadline that the HOA allegedly complied with; and (3) a court order provides an alternate deadline that the HOA allegedly complied with.  The foregoing arguments all lack merit.

### 1.    Notwithstanding the Court's Previous Rulings, Rule 54(d)(2)(B)(i) and Local Rule 54-2(f) Still Apply.

The HOA's first argument contradicts itself.  If the Court "already" resolved issues concerning attorneys' fees, there would be no need for the instant motion practice.  Although the Court did award the HOA judgment on its underlying claim for attorneys' fees, such action does not excuse the HOA from complying with procedural rules.  In fact, the Court expressly instructed the HOA to file "a motion for adjudication of its attorneys' fees."[1]  The Court did not "already" determine the HOA attorneys' fees,[2] it simply determined that the HOA prevailed on

---

[1] See June 7, 2017, Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment (Docket # 87) on file herein at p. 23.

[2] The HOA did not formally request attorneys' fees its underlying motion for summary judgment. In fact, in its motion, the HOA provided this Court as well as FOT absolutely no evidence or data that would tend to support a request for attorneys' fees.  No time sheets were provided; no employment contract, no

its claims, that attorneys' fees were mandatory under the governing CC&R's and, accordingly, the HOA was entitled to file a motion for the same.

> Section 6.1 of the Master Covenants permits Tuhaye HOA to include reasonable attorneys' fees in its costs assessed to an offending Owner for delinquent assessments. **Accordingly, Tuhaye HOA is entitled to an award of its attorneys' fees** arising out of the enforcement of its right in this action.[3]

The case of <u>Sol Salins, Inc. v. W.M. Ercanbrack Co., Inc.</u>[4] directly refutes the HOA's argument.   In <u>Sol Salins</u>, the plaintiff filed claims against the defendant under the *Perishable Agricultural Commodities Act*.   <u>Sol Salins</u>, 155 F.R.D. at 4.   Section 499g of the *Perishable Agricultural Commodities Act* provides that a prevailing party "shall" be entitled to an award of reasonable attorneys' fees.   <u>Id.</u> (emphasis added).   Thus, when the plaintiff prevailed on its statutory claim, it was automatically entitled to attorneys' fees.   In <u>Sol Salins</u>, a local rule, *Local Rule 215*, permitted motions for attorneys' fees to be filed within 20 days "after entry of judgment."   <u>Id.</u> at 5.   The plaintiff filed its motion for attorneys' fees thirty days after judgment was entered.   <u>Id.</u> at 4.   Despite the statute's mandatory language ("shall"), the <u>Sol Salins</u> Court denied the plaintiff's motion for attorneys' fees as untimely under both Rule 54 as well as the local rule.   <u>Id.</u> at 5.

> [The Plaintiff] never filed a timely motion **under Federal Rule Civil Procedure 54(d)(2), nor Local Rule 214(a)** for attorney fees and costs, nor did it move to extend the time for filing such a motion.   Therefore, [the] present motion is untimely and will be denied.   <u>Id.</u> (emphasis added).

---

description of services performed; and no method of billing (hourly rate, fixed rate, etc.)   <u>See</u> the HOA's February 1, 2017, Motion for Summary Judgment (Docket #65) on file herein.   In fact, the HOA failed to even provide this Court with the specific dollar amount it contends it is entitled to.   It is clear in its motion that the HOA was simply arguing that should it prevail, the governing CC&R's and statutory code provide that attorneys' fees shall be awarded.   It does not matter that this Court "instructed" the HOA to file a motion in its Judgment. The HOA would have been required to file such a motion whether the Court commented on it or not.

[3] <u>See</u> June 7, 2017, Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment (Docket # 87) on file herein at p. 23 (emphasis added).

[4] 155 F.R.D. 4, 4 (D.D.C. 1994).

In fact, the Court expressly commented that statutorily mandated attorneys' fees were still subject to Rule 54(d)'s 14-day deadline.

> **While an award of attorney fees as well as costs are mandated by statute, the time for asserting such a claim is set by Federal Rule Civil Procedure 54(d)(2)(B)** and Local Rule 214(a). Failure to comply with the rules prescribing time limits is deemed a waiver of a request for such costs. <u>Congregation of the Passion v. Touche, Ross & Co.</u>, 854 F.2d 219 (7th Cir. 1988). <u>Id.</u> (emphasis added).

Thus, even where an award of attorneys' fees is mandated, as this Court determined in its June 7, 2017, *Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment* (hereinafter "Judgment"), a motion for the same is still subject to Rule 54(d)'s 14-day deadline. <u>Id.</u>

### 2.       The HOA's "Statute Exception" Argument is Erroneous.

The HOA next argues that Rule 54 is inapplicable as an exception exists.  Specifically, Rule 54 provides "**[u]nless a statute or a court order provides otherwise**, the motion must . . . be filed no later than 14 days after the entry of judgment."   FRCP 54(d)(2)(B)(i).  The HOA argues that, in this case, a "statute . . . provides otherwise" concerning the 14-day timeline.  The statute the HOA asserts is Utah Code Ann. § 57-8a-306.  Section 306, in its entirety, provides as follows:

> (1)  A court entering a judgment or decree in a judicial action brought under this part shall award the prevailing party its costs and reasonable attorney fees incurred before the judgment or decree and, if the association is the prevailing party, any costs and reasonable attorney fees that the association incurs collecting the judgment.
> (2)  In a nonjudicial foreclosure, an association may include in the amount due, and may collect, all costs and reasonable attorney fees incurred in collecting the amount due, including the costs of preparing, recording, and foreclosing a lien. Utah Code Ann. § 57-8a-306.

There is no procedural timeframe for filing a motion for attorneys' fees under Section 306.  In fact, there are no procedural guidelines in Utah's *Community Association Act* at all.  <u>See</u> Utah Code Ann. § 57-8a-101 *et seq.*   Accordingly, the foregoing "statute" does not "provide

otherwise" as it relates to the 14-day timeframe.  <u>See</u> FRCP 54(d)(2)(B).  The HOA completely ignores this and instead argues that because attorneys' fees are "mandatory" under Section 306 (*"shall award the prevailing party . . ."*), there is no requirement that a motion be filed "or a deadline for doing so."[5]  The HOA's foregoing argument is both non-sensical and defeated by governing case law.  Contracts routinely provide that attorneys' fees "shall be awarded to the prevailing party."  The use of *shall* does not operate to invalidate procedural rules for requesting attorneys' fees.  Adopting the HOA's argument would effectively render procedural rules useless as they would constantly be trumped by mandatory language in private contract or statutes.

However, once again, <u>Sol Salins</u> directly refutes the HOA's argument.  As set forth above, just like Section 306 of Utah's *Community Association Act*, Section 499g of the *Perishable Agricultural Commodities Act* provides that a prevailing party "**shall**" be entitled to an award of reasonable attorneys' fees.  <u>Id.</u> (emphasis added).  Despite the statute's mandatory language ("shall"), the <u>Sol Salins</u> Court denied the plaintiff's motion for attorneys' fees as untimely under FRCP 54(d)(2).  <u>Id.</u> at 5.

> [The Plaintiff] never filed a timely motion under Federal Rule Civil Procedure 54(d)(2), nor Local Rule 214(a) for attorney fees and costs, nor did it move to extend the time for filing such a motion.  Therefore, [the] present motion is untimely and will be denied.  <u>Id.</u>

Opposite of what the HOA argues, the Court expressly commented that statutorily mandated attorneys' fees were still subject to Rule 54(d)'s 14-day deadline.

> **While an award of attorney fees as well as costs are mandated by statute**, **the time for asserting such a claim is set by Federal Rule Civil Procedure 54(d)(2)(B)** and Local Rule 214(a). Failure to comply with the rules prescribing time limits is deemed a waiver of a request for such costs.  <u>Congregation of the Passion v. Touche, Ross & Co.</u>, 854 F.2d 219 (7th Cir. 1988).  <u>Id.</u> (emphasis added).

---

[5] <u>See</u> Tuhaye's Reply (Docket #110) on file herein at 3:2-5.

### 3. <u>The HOA's "Court Order Exception" Argument is Erroneous.</u>

Finally, the HOA argues that Rule 54 is inapplicable pursuant to a second exception. Again, Rule 54 provides "**[u]nless a statute or a court order provides otherwise**, the motion must . . . be filed no later than 14 days after the entry of judgment." FRCP 54(d)(2)(B)(i). The HOA argues that, in this case, a "court order . . . provides otherwise" concerning the 14-day timeline. The court order the HOA asserts is this Court's Judgment.[6] The HOA's *court order exception* argument is nearly identical to its first argument against the applicability of Rule 54(d). <u>See</u> Section I(A)(1) *supra*. Missing from the HOA's analysis is the crucial fact that in its Judgment, this Court did not set forth a timeline for the HOA's attorneys' fees motion "other" than Rule 54(d) and Local Rule 54-2(f)s' 14-day timeline.[7]

Rather than even addressing the foregoing dispositive fact, the HOA erroneously argues:

- "the 14-day deadline does not apply because the Court's order . . . already awarded the attorney's fees and required only a motion to *adjudicate* the amount";

- "[t]hat the Court has already awarded fees obviates the need for a motion requesting them"; and

- "[t]he Motion before the Court is not the 'claim *for* attorneys' fees' governed by Rule 54, but a supplemental motion requested by the Court to establish the *amount* of fees already claimed and awarded."[8]

Once again, the HOA's argument is misguided. If the "need for a motion requesting" attorneys' fees was "obviated," why is the HOA filing a motion requesting attorneys' fees? Fortunately for FOT, there is a case directly on point that again refutes the HOA's argument.

In a case out of Massachusetts entitled <u>Logue v. Dore</u>, a jury returned a verdict in favor

---

[6] <u>See</u> June 7, 2017, Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment (Docket #87) on file herein.

[7] <u>See</u> <u>id.</u>

[8] <u>See</u> HOA's Reply (Docket #110) on file herein at 3:7-14 (emphasis in original).

of the defendant Dore.  Logue v. Dore, 103 F.3d 1040, 1047 (1st Cir. 1997).  After the jury

returned its verdict, the Court "directed Dore's counsel to 'charge all expenses and reasonable

attorneys' fees to th[e] plaintiff.'"  Id.  The Logue Court went a step further and granted the

defendant's oral motion to attach the plaintiff's real estate in the amount of $50,000 as security

for those fees and expenses.  Id.  Thereafter, Defendant Dore recorded the attachment order but

never filed a motion for attorneys' fees.  Id.  Logue filed an appeal.  The Logue court ruled that

although "the parties argue in their briefs about the 'fee award,' **it is apparent that none exists**."

Id. (emphasis added).

> The district court's **announcement of a willingness** to tax fees and expenses
> against a losing party **does not constitute an award**, and, in the absence of an
> order or judgment susceptible of execution, **the court's free-floating
> announcement** of its views provides no basis for appellate intervention.  Id.
> (emphasis added).

The Logue court ruled that despite the previous order indicating that attorneys' fees **would be**

**awarded,** as well as the supplementary order attaching the plaintiff's property to secure the

future award, the ultimate motion to adjudicate the amount of the award was subject to Rule

54(d)'s 14-day deadline.

> **[T]he defendant effectively waived the right to attorneys' fees by his
> conceded failure to file and serve a properly supported application within
> fourteen days of the entry of judgment.**  See FRCP 54(d).  Under the
> circumstances, an attachment, designed to secure an anticipated award of fees
> which was never reduced to judgment and for which the prevailing party never
> applied, cannot stand.  Id. (emphasis added).

The foregoing ruling completely swallows the HOA's argument.  In fact, the prevailing party

from Logue had an even stronger argument than the HOA *concerning a previous ruling*

*rendering Rule 54(d) inapplicable* because the Logue court not only ordered that fees would be

awarded, but also granted the defendant's motion to attach the plaintiff's property to secure the

award.  Logue, 103 F.3d at 1047.  In this case, the Court simply made an "announcement of a

willingness" to award fees and directed the HOA to file a motion concerning the same.  See id.

1   Pursuant to <u>Logue</u>, such a "free-floating announcement" does not render mandatory procedural

2   rules inapplicable.  <u>Id.</u>  Both Rule 54(d)(2) and Local Rule 54-2(f) are applicable.  The HOA

3   filed its Motion 113 days late and its motion for attorneys' fees is therefore time-barred as a

4   matter of law.

5       **B.    THE    ATTORNEYS'    FEES    THE    HOA    REQUESTS    ARE**
6          **UNREASONABLE.**

7          In its Reply, the HOA completely ignores FOT's primary argument; that $83,455.30 in

8   attorneys' fees for legal representation **in this case** is unreasonable.  In this case, the HOA's

9   lawyers (1) made only one set of Rule 26 disclosures, (2) took zero depositions, (3) propounded

10  zero written discovery, (4) only had to attend one <u>non-substantive</u> hearing,[9] (5) did not have to

11  prepare for trial and (6) did not have to go to trial.  Moreover, despite FOT's counsel travelling

12  to Utah on two separate occasions, the HOA's counsel never left Salt Lake City.  Under such

13  circumstances, the HOA's request is unreasonable.  How many litigants could afford to hire an

14  attorney to defend them or prosecute their rights if nearly $85,000.00 was deemed a reasonable

15  fee for representation involving the above services (or lack thereof)?  Instead of addressing the

16  forgoing argument, the HOA chose only to address the excessive billing examples FOT asserted

17  in its Opposition.

18         The HOA argues that FOT "mischaracteriz[ed] the Association's review of the Initial

19  Complaint, First Amended Complaint and Answer to Counterclaims."[10]  The HOA claims that its

20  review of the foregoing "included reviewing the Association's CC&Rs, plat maps, and other

21  documents to verify the accuracy of FOT's claims."[11]  **This is not what the time entry says.**

22  The HOA further argues that its "counsel [was] duty-bound to thoroughly review the

23  Association's governing documents to adequately assess the validity of such claims, in

24

25  _____

26  [9] The November 7, 2017, hearing was a simple Status Conference.

27  [10] <u>See</u> the HOA's Reply (Docket #110) on file herein at 4:17-19.

28  [11] <u>See id.</u> at 5:1-2.

preparation to draft and file its Answer and counterclaims."[12]   Everything the HOA argues is
contradicted by the subject time entries.   The time entries do not indicate that the 3.3 hours
included time spent reviewing CC&Rs, plat maps or governing documents.[13]   The time entries do
not indicate that the 3.3 hours included time spent "in preparation to draft and file its Answer and
counterclaims."[14]   The time entries clearly state exactly what FOT represented to this Court in its
Opposition:

| DATE | Description | TIME | Total Fees |
|---|---|---|---|
| 2/16/2016 | A104 Review/analyze L210 Pleadings: Initial Review of First Amended Complaint filed by Plaintiff | 0.8 | $152.00 |
| 2/17/2016 | A104 Review/analyze L210 Pleadings: Review and comparison of Plaintiff's amended complaint with prior 2014 complaint | 1.3 | $149.50 |
| 3/29/2016 | A104 Review/analyze L210 Pleadings: review plaintiff's answer to counterclaims filed by insured. | 1.2 | $228.00 |
|  |  | **Total Hours** | **Total Fees** |
|  |  | 3.3 | $539.50 |

Moreover, all of the above tasks **that are not listed in the subject time entries** that the HOA
**now** argues were performed as part of the 3.3 hours are addressed and billed for in separate
entries.   For instance, there are eight (8) time entries dedicated to the "preparation" and drafting

---

[12] See the HOA's Reply (Docket #110) on file herein at 5:6-8.

[13] See "Exhibit C(1)" to the HOA's Motion on file herein (Docket #105) at entries dated 2/16/2016,
2/17/2016 and 3/29/2016.

[14] See id.

1    of the HOA's answer and counterclaims.[15]  These eight entries add up to 9.5 hours.  Another 9.5

2    hours to draft a nine-page pleading comprised of six pages of general denials and an approximate

3    three page bare-bones counterclaim.[16]  Keep in mind that none of these 9.5 hours would have

4    been spent reviewing and assessing the underlying amended complaint as 3.3 hours was already

5    billed for such.  Furthermore, there are many time entries concerning the review of the CC&Rs,

6    plat maps and governing documents.[17]   A cursory review of the billing entries reveals 33.23

7    separate hours billed for reviewing "the CC&Rs, plat maps or governing documents" and/or

8    involving the review of the same.[18]

9             The HOA cannot be permitted to defend the *reasonableness* of reviewing three simple

10   pleadings by advising the Court, *after-the-fact,* that a significant amount of **additional work** was

11   performed that was **not** identified in the billing entry.  FOT did not "mischaracterize" anything

12   concerning the 3.3 hour billed for reviewing three simple pleadings; apparently acknowledging

13   that the fees are excessive, the HOA is now attempting to add services to the time entries.

14            Next, the HOA either misunderstood or simply ignored FOT's "average reading times"

15   argument.  The argument was designed to provide an analogy of "average" reading times for

16   various groups, including "high level executives."   The reading rates listed were "average"

17   reading rates for the subject groups, not "speed reading" rates as the HOA distorts.  Indeed, the

18   HOA went as far as to suggest that lawyers "speed reading" at such "rates" was tantamount to

19   "malpractice."[19]   The rates were "average" reading rates, not speed reading rates.  The "high

20   level executive" is presumably charged with "careful" reading similar to an attorney.  Such an

---

[15] See "Exhibit C(1)" to the HOA's Motion (Docket #105) on file herein at entries dated 2/17/2016, 2/17/2016, 2/17/2016, 2/18/2016, 2/18/2016, 3/7/2016, 3/7/2016 and 3/7/2016.

[16] See the HOA's March 7, 2016, Answer to First Amended Complaint and Counterclaim (Docket #34) on file herein.

[17] See "Exhibit C(1)" to the HOA's Motion (Docket #105) on file herein at entries dated 11/18/2015, 12/17/2015, 1/11/2016, 1/12/2016, 3/9/2016, 3/14/2016, 5/16/2016, 5/18/2016, 7/8/2016, 7/20/2016 and 8/26/2016.

[18] See id.

[19] See the HOA's Reply (Docket #110) on file herein at 5:9-16.

executive, on **average**, would have read the three pleadings in approximately 10 minutes.  The HOA is taking the position that 3.3 hours to "review" the same three pleadings is reasonable.  To make matters worse, the above three entries are not the only time entries where the HOA was billed for review of the complaint.  The HOA was billed an additional 3.65 hours in three separate entries (*1.8 of which was billed **before** the above three entries*) that included time spent reviewing the complaint.[20]

Next, the HOA again accuses FOT of mischaracterization in connection with the HOA's request for 3.1 hours for a "review" of FOT's Docketing Statement (submitted to the Tenth Circuit).  Once again, the Docketing Statement is a fill-in-the-blank document that is comprised of only 8 pages.[21]  Most of the eight pages can be skimmed/skipped over as inapplicable.  The HOA argues that 3.1 hours to review the same is "reasonable" because it also reviewed "case law citations, and all arguments on appeal."[22]  Not only are there only three cases cited (one of which was only cited as being quoted) in FOT's Docketing Statement, but the propositions for which the cases were cited were general in nature:

> "Whether there has been a breach of good faith and fair dealing is a factual issue, generally inappropriate for decision as a matter of law."  **[#1]**Cook v. Zions First Nat. Bank, 919 P.2d 56,60-61 (Utah App. 1996) (internal citations omitted).  "Good faith and fair dealing are fact sensitive concepts, and whether there has been a breach of good faith and fair dealing is a factual issue, generally inappropriate for decision as a matter of law."  Id.

> "It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment."  **[#2]**Tucker v. Rose, 955 F.Supp. 810, 814 (N.D. Ohio 1997) (quoting **[3]**Wiley v. U.S., 20 F.3d 222 (6th Cir.1994)).[23]

---

[20] See "Exhibit C(1)" to the HOA's Motion (Docket #105) on file herein at entries dated 11/12/2015, 11/19/2015 and 8/11/2016.

[21] See FOT's July 13, 2017, Docketing Statement (filed with the Tenth Circuit) attached as "Exhibit 2" to FOT's November 3, 2017, Opposition (Docket #109) on file herein.

[22] See the HOA's Reply (Docket #110) on file herein at 5:18-21.

[23] See FOT's July 13, 2017, Docketing Statement (filed with the Tenth Circuit) attached as "Exhibit 2" to FOT's November 3, 2017, Opposition (Docket #109) on file herein at pages 5 and 6.

As for the reviewing "arguments on appeal" portion of the entry, the arguments were summarized on two of the eight pages of the document. FOT did not "misrepresent the work that was performed." The HOA is seeking 3.1 hours for "review" of a fill-in-the-blank document that is comprised of only 8 pages, most of which could be entirely skipped over as inapplicable. Such time is beyond unreasonable.

Next, this Court was clear in its Judgment that "no claims by or against JRAT are resolved by this order."[24] The HOA cannot be awarded attorneys' fees it allegedly incurred litigating with JRAT. Accordingly, as a matter of law, the 25.55 hours it seeks for services spent litigating with JRAT cannot be recovered.[25]

Finally, the HOA completely ignored FOT's assertions of the unreasonableness of the 1.2 hours for "review" of a letter from the Tenth Circuit sent to FOT concerning its "incomplete docketing statement."[26] This "letter," *actually an Order*, is comprised of two pages.[27] The HOA further ignored the 1.7 hours in attorneys' fees to "review" FOT's response to the foregoing Order.[28] FOT's Response is comprised of approximately three pages of substantive content.[29] While there are 29 pages of exhibits attached to the Response, once again, the HOA's attorneys were already familiar with most of these documents, *some of which they even drafted*. It is the HOA's burden to establish the reasonableness of its attorneys' fees. As set forth above, the HOA

---

[24] See June 7, 2017, Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment (Docket # 87) on file herein at p. 25.

[25] See "Exhibit C(1)" to the HOA's Motion (Docket #105) on file herein at entries dated 07/01/2016, 07/07/2016, 07/12/2016, 08/01/2016, 08/11/2016, 09/15/2016, 10/05/2016, 11/04/2016, 11/11/2016, 11/30/2016 and 03/06/2017.

[26] See "Exhibit C(1)" to the HOA's Motion (Docket #105) on file herein at entry dated 7/21/2017.

[27] See July 14, 2017, Order (Document: 01019841002) issued by the Tenth Circuit attached as "Exhibit 3" to FOT's November 3, 2017, Opposition (Docket #109) on file herein.

[28] See "Exhibit C(1)" to the HOA's Motion on file herein at entry dated 7/27/2017.

[29] See FOT's July 27, 2017, Response to July 14, 2017, Order (filed with the Tenth Circuit) attached as "Exhibit 4" to FOT's November 3, 2017, Opposition (Docket #109) on file herein.

1    is seeking $83,455.30 in attorneys' fees for legal services where no discovery was performed and

2    the case was adjudicated summarily.   As evidenced by the above time entries, the HOA's

3    attorneys' fees are excessive and beyond unreasonable.   In addition to being time-barred, the

4    HOA's request for attorneys' fees should be denied as unreasonable.

5          C.    THE HOA FAILED TO MEET ITS BURDEN TO ESTABLISH
               DAMAGES.

6

7          In Utah, "[t]o recover damages, a party must prove the fact that damages occurred **and

8    the amount of those damages**."   Austin v. Bingham, 319 P.3d 738, 743 (Utah Ct.App. 2014)

9    (emphasis added).   Damages must be established just as any other element of a claim.   Because

10   the HOA fell woefully short of establishing its damages in its Motion, in its Reply it relies upon

11   cherry-picked language from a case that is not applicable to the facts of this case.[30]   The HOA's

12   assertion of a "lower level" standard is misguided.   As in all cases, the HOA "is required to

13   prove both the fact of damages and the amount of damages."   Stevens-Henager Coll. v. Eagle

14   Gate Coll., Provo Coll., Jana Miller, 248 P.3d 1025, 1030 (Utah Ct. App. 2011).   It is the HOA's

15   burden to establish the fact of damages **and the amount**.   Id.   To satisfy its burden, the HOA

16   "must [produce] evidence that rises above speculation and provides a reasonable, even though

17   not necessarily precise, estimate of damages."   Id. (internal citations omitted).

18         In support of its underlying Motion, the HOA submitted only internally generated

19   invoices with no detail in support of its alleged "damages."[31]   The HOA argues that it incurred

20   $17,822.50 in costs "to abate the nuisance on Lot 15" and $15,905 in costs "to abate the nuisance

21   on Lot 18."[32]   The remaining $26,044.09 the HOA seeks in "damages" constitutes interest on the

22   foregoing amounts.   In direct contradiction of the foregoing representations, the HOA's

23   Maintenance Manager, Steve Sovinsky, testified that the abatement was a relatively simple

24

25   [30] Citing to Renegade Oil, Inc. v. Progressive Cas. Ins. Co., 2004 UT App. 356, 101 P.3d 383, the HOA
     argues it need only establish "the 'lesser level of persuasiveness'" versus producing evidence that
26   provides a reasonable estimate of the amount of damages.

27   [31] See "Exhibit A" and "Exhibit B" to the HOA's Motion on file herein (Docket #105).

28   [32] See the HOA's Motion (Docket #105) on file herein at 3:15-22.

1    process, that no outside materials were used and that the only cost to the HOA was its own

2    employees' man-hours.[33]  Even the soil used to backfill the foundations was free.[34]  Based on

3    Mr. Sovinsky's sworn testimony, the HOA's Rule 30(b)(6) designee concerning the cost of the

4    backfilling, the HOA expended approximately $16,560[35] in man-hours to backfill **all eight of the**

5    **foundations**.  The HOA is admittedly only seeking damages for the costs associated with

6    backfilling Lots 15 and 18.  In other words, the HOA is seeking $17,822.50 in costs "to abate the

7    nuisance on Lot 15" and $15,905 in costs "to abate the nuisance on Lot 18" despite its own

8    representative testifying that it only cost approximately $16,560 **to backfill all eight of the**

9    **foundations**.

10         Not surprisingly, the HOA **completely ignored** its FRCP 30(b)(6) designee's foregoing

11   testimony in its Reply brief.  Instead, the HOA asserts "costs associated with the use of heavy

12   equipment," the "screen" allegedly used to strain the dumped soil[36] and employee taxes,

13   insurance and benefits in an apparent effort to equalize the substantial disparity between what

14   Mr. Sovinsky testified it cost and what the HOA is currently asking for.  Mr. Sovinsky testified it

15   cost approximately $16,560 to backfill all eight foundations.  That is roughly $2,070.00 per lot.

16   The HOA is seeking over $33,000.00 in damages for costs allegedly incurred backfilling only

17   two of the foregoing eight lots.  Accordingly, the HOA is *now* advising the Court that it incurred

18   approximately $15,000.00 for each lot for gas, use of a screen-strainer and administrative

19   employee costs.

20         It is the HOA's burden to establish its damages.  The HOA cannot be said to have

21   satisfied that burden by contradicting the sworn testimony of its PMK with assertions of

22   gasoline, "screen" charges and employee taxes.  Given the contradictory "evidence" that has

---

[33] See relevant portions of Steven Sovinsky's January 19, 2016 deposition transcript attached as **Exhibit 1** at 19:12-25, 20:1-2, 25:14-21, 28:24-25 and 29:1-5.

[34] See id. at 28:6-19.

[35] $414 x 40 (work days in two months) = $16,560.

[36] There has been absolutely no evidence produced throughout this case that the soil was strained through a "screen."

1    been presented in this case, any amount of damages the HOA asks for would certainly qualify as

2    speculation.  As set forth above, to satisfy its burden, the HOA "must [produce] evidence **that**

3    **rises above speculation** and provides a reasonable . . . estimate of damages." <u>Stevens-Henager</u>,

4    248 P.3d at 1030 (emphasis added).  It is vital to emphasize that the foregoing conflicting

5    evidence is not being presented by adverse parties, but rather, by the HOA itself.  The HOA is

6    contradicting itself.

7        Next, in its instant Reply, the HOA attempts to cure its initial failure to produce evidence

8    of its damages by submitting the affidavit of Jessica Layton along with a significant number of

9    documents.  None of the foregoing evidence, including Ms. Layton's Affidavit, are admissible.

10   As this Court is aware, on January 10, 2017, over four months past the fact discovery cutoff, the

11   HOA served its initial **and only** Rule 26 disclosure in this case.[37]   Jessica Layton was not

12   identified as a witness in this case.[38]   None of the documents Ms. Layton attaches to her

13   Affidavit as evidence of the HOA's damages were disclosed in this case.[39]  Rule 26 of the

14   Federal Rules of Civil Procedure imposes an obligation upon parties to timely disclose, without

15   request from opposing parties, information related to its lawsuit including documents, witnesses,

16   and a computation of damages.   FRCP 26(a)(1).   The HOA is required to disclose such

17   information "within 14 days after the parties' Rule 26(f) conference unless a different time is set

18   by stipulation or court order." FRCP 26(a)(1)(C).   Moreover, throughout this case several

19   deadlines were set, via both stipulation and Court order, for the Parties initial disclosures.[40]  The

20

21   _____

22   [37] <u>See</u> January 10, 2017, Certificate of Service of Defendant's Rule 26(a)(1) Disclosures (Docket #64) on
     file herein; <u>see</u> <u>also</u> January 10, 2017, Defendant's Rule 26(a)(1) Disclosures attached as **Exhibit 2**.

23   [38] <u>See</u> <u>id.</u>

24   [39] <u>See</u> <u>id.</u>

25   [40] On February 24, 2015, the Court filed an Order for Schedule instructing the Parties to make their initial
     disclosures "42 days after the first answer is filed."  <u>See</u> February 24, 2015 Order for Schedule (Docket
26   #28) on file herein.  Thereafter, on April 20, 2016, the Parties filed an Attorneys' Planning Meeting
     Report wherein it was agreed that Defendant would provide FOT with its initial disclosures by May 3,
27   2016. <u>See</u> April 20, 2016 Attorneys' Planning Meeting Report (Docket #39) on file herein.  On May 23,
     2016, the Court filed a Scheduling Order and Order Vacating Hearing instructing the Parties that the
28   deadline for their Rule 26(a)(1) initial disclosures was May 3, 2016.  <u>See</u> May 23, 2016 Scheduling Order

HOA had the affirmative duty under Rule 26 to disclose all documents and information in its possession by several deadlines, as well as the duty to timely supplement under Rule 26(e). However, the HOA *made no disclosures of any kind* until January 10, 2017, well after the above deadlines.   More significantly, the HOA **never** disclosed the witness and documents it now asserts in support of its alleged damages.

In light of its foregoing failure, the HOA "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless."   FRCP 37(c)(1).   The HOA cannot show substantial justification for its *repeated failures to disclose anything whatsoever*.   Springing a disclosure on a party over a year after discovery is closed constitutes ambush and is certainly not "harmless." Moreover, Rule 37 provides this Court with a panoply of sanctions it can impose.

> In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).   FRCP 37(c)(1)(A)-(C).

"[T]he court where the action is pending may issue further just orders. They may include the following:"

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed . . .   FRCP 37(b)(2)(A)(i)-(iv).

"[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."  David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003) (quoting Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir.

---

and Order Vacating Hearing (Docket #40) on file herein.  As set forth above, despite the foregoing repeated stipulations and orders and Rule 26's requirements, the HOA failed to disclose the witness and documents it now asserts in support of its alleged damages.

1998)).  Moreover, "willfulness, bad faith or fraud" need not be shown; "[t]he simple failure to comply is enough, notwithstanding a complete lack of culpability on [the violator's] part."  Halas v. Consumer Services, Inc., 16 F.3d 161, 165 (7th Cir. 1994).  In this instance, the HOA's actions are not substantially justified, nor is its failure to disclose ***any*** of the information harmless. The HOA's failure has substantially harmed FOT.  FOT has spent considerable time, energy and resources in litigating this action against the HOA for nearly three years, and FOT is entitled to rely on the Court-imposed deadlines that the HOA has completely disregarded.

Neither the witness nor the documents the HOA attaches to its instant Reply are admissible.  As set forth above, the HOA fell woefully short of establishing its damages with the conflicting evidence that was previously submitted.  One cannot even speculate what damages, if any, the HOA sustained.  It is the HOA's burden to establish its damages.  The HOA failed to satisfy its burden and it should therefore be denied any award of damages.

Finally, as it relates to the HOA's request for interest, the interest cannot be calculated as the HOA failed to establish a "reasonable estimate" of the damages it allegedly sustained. Moreover, the purpose of interest "is to require a person who owes money to pay compensation for the advantage received from the use of that money over a period of time."  Manufacturer's & Traders Trust Co. v. Reliance Ins. Co., 8 N.Y.3d 583, 589, 870 N.E.2d 124, 127 (N.Y. 2007).  In this case, the HOA provided FOT with no money.  As set forth above, the HOA admittedly expended no funds in connection with "abating the nuisances."  The HOA was therefore not denied use of its funds for any duration of time and interest is therefore not recoverable.

**D.   FOT'S "AMBUSH" ARGUMENT.**

Although FOT's ambush argument may have been rendered moot by the Court's instructions for the Parties to file reply and sur-reply briefs, it bears noting that despite being provided a second chance to submit admissible evidence to establish its damages, the HOA has failed again.  At the time of the November 7, 2017, Status Conference, the Court commented that the current record was insufficient to establish the HOA's damages.  The Court asked the HOA to submit evidence that would be admissible at trial or during summary judgment proceedings.

In response, the HOA submitted an affidavit from a witness that was never disclosed together with documents that were never disclosed.  The HOA "is not allowed to use [its un-disclosed evidence] to supply evidence on a motion [or] at a hearing . . ."  FRCP 37(c)(1).  "It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." Tucker, 955 F.Supp. at 814 (quoting Wiley, 20 F.3d 222)).

**III.     CONCLUSION.**

Based on the foregoing, FOT respectfully requests that the HOA's Motion for attorneys' fees be denied.  The HOA's Motion is time-barred and the amount it requests is beyond unreasonable.  Next, the HOA should be denied any damages.  It is the HOA's burden to establish it has been damaged.  In its initial Motion, the HOA asserted insufficient evidence to establish its claimed damages.  This Court confirmed the same at the time of the November 7, 2017, Status Conference.  Despite being given a second chance by this Court, in its Reply, the HOA attached only inadmissible evidence.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

More importantly, the HOA's person most knowledge testified under oath that the HOA expended only a fraction of what the HOA is currently claiming in damages. The HOA failed to establish any damages beyond speculation and its request should therefore be denied.

DATED this 14th day of December, 2017.

**THE HAYES LAW FIRM**

By    /s/ Dale A. Hayes, Jr.
Dale A. Hayes, Jr., Esq.
Nevada Bar No. 9056
4735 S. Durango Drive, Suite 105
Las Vegas, Nevada 89147
(702) 656-0808 – Telephone
(702) 655-1047 - Facsimile
dhayes@hayeslawNV.com

Paxton R. Guymon, Esq.
Utah State Bar No. 8188
Lauren Parry Johnson, Esq.
Utah State Bar No. 11420
**YORK HOWELL & GUYMON**
6405 S. 3000 E., Suite 150
Salt Lake City, Utah 84121
(801) 527-1040 – Telephone
(801) 527-1000 – Facsimile
paxton@yorkhowell.com
lauren@yorkhowell.com
*Attorneys for Plaintiff Friends of Tuhaye, LLC &*
*Third-Party Defendant Christopher Stuhmer*

1

**CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY THAT on the 14th day of December, 2017, I caused to be served a

3

true and correct copy of  the foregoing **PLAINTIFF'S SUR-REPLY TO DEFENDANT'S**

4

**REPLY IN SUPPORT OF MOTION AND MEMORANDUM FOR AWARD OF**

5

**DAMAGES AND ADJUDICATION OF ATTORNEYS' FEES** on the following person(s) by

6

the following method(s) pursuant to FRCP 26(a)(1):

7

8

    _x_    by placing a true and correct copy of the above-mentioned document(s) in a

9
              sealed envelope, first class postage fully pre-paid, in the United States mail; and

10

    _x_    via e-mail.

11
Douglas C. Shumway, Esq.

12
MILLER HARRISON LLC
50 W. Broadway, Suite 450

13
Salt Lake City, UT 84101
dshumway@millerharrisonlaw.com

14
*Attorney for Defendant*

15
*Tuhaye Homeowners Association*

16
Jason M. Yancey, Esq.
HELGESEN, HOUTZ & JONES P.C.

17
1513 N. Hill Field Road, Suite 3

18
Layton, UT 84041
jyancey@utahattorneys.com

19
*Attorney for Intervening Plaintiff*
*JRAT Investments, LLC*

20

21

22
       /s/ Emmanuel Hernandez

23
       An Employee of The Hayes Law Firm

24

25

26

27

28