IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRIENDS OF TUHAYE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>TUHAYE HOMEOWNERS ASSOCIATION, a Utah non-profit organization,<br><br>Defendant.<br><br>And third party claims, claims in intervention, and cross claims. | **MEMORANDUM DECISION AND ORDER GRANTING [105] MOTION FOR AWARD OF DAMAGES AND ADJUDICATION OF ATTORNEYS' FEES**<br><br>Case No. 2:14-cv-00901<br><br>District Judge David Nuffer |

Defendant Tuhaye Homeowners Association (the "Association") has filed a Motion for Award of Damages and Adjudication of Attorneys' Fees (the "Motion").[1] The Motion seeks to set an amount of damages and attorneys' fees against plaintiff Friends of Tuhaye, LLC ("Friends") on the Association's counterclaims following the decision to grant summary judgment in the Association's favor (the "MSJ Order").[2] The Motion requires fact finding, and not just evaluation of undisputed facts like with a motion for summary judgment.[3] The parties met and conferred as directed,[4] and they have stipulated that the Motion can be decided "based upon the moving papers and exhibits, subject to the arguments and objections of counsel already

---

[1] Docket no. 105, filed October 12, 2017.

[2] Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment ("MSJ Order"), docket no. 87, filed June 7, 2017. This Order supplements the MSJ Order. Terms defined in the MSJ Order are used herein.

[3] Fed. R. Civ. P. 56.

[4] Order Taking Under Advisement Motion for Award of Damages and Adjudication of Attorneys' Fees, docket no. 113, filed February 23, 2018.

in the stipulated record."[5] The record for this Motion includes: the Motion,[6] Friends' opposition to the Motion,[7] the Association's reply,[8] and the sur-reply Friends filed with leave.[9] Based on the record for the Motion, and being fully advised of the parties' arguments regarding the amount of contract damages and attorneys' fees, the court makes the following findings:

## CONTRACT DAMAGES

1. The Association prevailed against Friends on its claim for breach of contract based on undisputed material facts showing that Friends failed to abate nuisance conditions on its properties in violation of the Master Covenants.[10]

2. The MSJ Order reserved a finding of the amount of damages on the contract claim pending proof.[11]

3. With its Motion, the Association has limited its claim for damages resulting from the breach to two properties previously owned by Friends: Lot 15 and Lot 18.[12]

4. The Association has submitted ledgers showing the costs of abatement assessed to Friends for Lot 15 and Lot 18 (the "Ledgers").

---

[5] Stipulation for Decision Re Motion for Award of Damages and Adjudication of Attorneys' Fees, docket no. 114, filed March 2, 2018.

[6] Docket no. 87.

[7] Plaintiff's Opposition to Defendant Tuhaye Homeowners Association's Motion for Award of Damages and Adjudication of Attorneys' Fees ("Opposition"), docket no. 109, filed November 3, 2017.

[8] Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Adjudicate Damages and Attorneys' Fees, docket no. 110, filed November 22, 2017.

[9] Plaintiff's Sur-reply to Defendant's Reply in Support of Motion for Award of Damages and Adjudication of Attorneys' Fees ("Sur-reply"), docket no. 111, filed December 14, 2017.

[10] MSJ Order at 22.

[11] *Id.* at 25.

[12] Motion at 2–3.

5. Friends was assessed $17,822.50 for the Association's work on Lot 15.[13] Interest accrued on the unpaid invoice to a total of $31,577.14.[14]

6. Friends was assessed $15,905.00 for the Association's work on Lot 18.[15] Interest accrued on the unpaid invoice to a total of $28,194.18.[16]

7. The assessments for the Association's work include the cost to the Association and the value provided to Friends for (a) laborer time; (b) heavy machinery use and maintenance; (c) screened fill dirt; and (d) legal fees for attempts to resolve the nuisance before taking action to abate the nuisance.[17]

8. The Association carried its initial burden to prove the amount of its assessments. Friends has not presented evidence that the amounts charged are inconsistent with the cost to the Association.

9. The Association charged interest at the rate of 18% annually on the unpaid assessments.[18] The interest rate was set by a Resolution of the Association's Board of Directors in 2008, prior to the assessments against Friends.[19]

10. Friends does not challenge the interest rate asserted by the Association. Instead, Friends argues that no interest at all can be imposed because the Association never gave Friends

---

[13] Motion, Exhibit A, docket no. 105-1.
[14] *Id.*
[15] Motion, Exhibit B, docket no. 105-2.
[16] *Id.*
[17] Affidavit of Jessica Layton ("Layton Affidavit") ¶¶ 5–7, docket no. 110-1, filed November 22, 2017.
[18] Layton Affidavit ¶ 11.
[19] Layton Affidavit, Attachment 5.

any money.[20] This argument overlooks that interest can be, and often is, charged for unpaid obligations for services rendered. Interest at 18% will be included in the Association's damages.

11. Friends is not prejudiced by the Association's failure to include the Ledgers in discovery disclosures because Friends was in possession of the documents. Friends received the ledgers, as well as periodic invoices, on multiple occasions in the course of the Association attempting to collect the unpaid assessments.[21]

12. The Association is awarded $59,771.32 in damages against Friends on the breach of contract claim, which includes $31,577.14 for Lot 15 and $28,194.18 for Lot 18.

## ATTORNEYS' FEES

13. The Association prevailed on summary judgment on its claim for indemnification of attorneys' fees and costs.[22]

14. The Association's request to adjudicate attorneys' fees is timely. The relief of attorneys' fees and costs was granted already in the MSJ Order. The MSJ Order permits a motion to adjudicate the amount of attorneys' fees *after* the amount of damages were resolved.[23] Under both this ad hoc procedure set forth in the MSJ Order and Rule 54 of the Federal Rules of Civil Procedure,[24] the Association was within its rights to move for attorneys' fees with the motion to determine damages.

---

[20] Sur-reply at 18.

[21] Layton Affidavit, Attachment 3.

[22] MSJ Order at 23, 25.

[23] *Id.* at 23.

[24] Fed. R. Civ. P. 54(d)(2) (requiring a motion for attorneys' fees within 14 days of the entry of judgment). Judgment has not yet been entered on the Association's contract claim.

15. The Association incurred attorneys' fees in the amount of $83,455.30 litigating this action.[25]

16. Friends objects to the Association's claim for 25.55 hours billed litigating against JRAT, an intervenor and cross-claim defendant. This objection is sustained. The Association separately resolved its claims against JRAT via a Stipulation to Judgment.[26] Charging Friends for the cost of litigating against a third party is not consistent with the Master Covenant's provision permitting attorneys' fees as a cost of collecting assessments *from Friends*.[27] Friends has not calculated the value of the 25.55 hours billed for litigating against JRAT, but that value will be deducted at the rate of $190, or a total of $4,854.50, which was the rate most commonly charged by the Association's counsel.

17. Friends also objects to the amount of time the Association's counsel billed for certain tasks, such as 3.3 hours to review and analyze an opponent's pleading. These objections are overruled. The time incurred is defensible. The attorneys' fees charged in this matter are reasonable in terms of rate for the market and the amount of time allocated to the litigation tasks for a case that has been active since August 2014.

18. The Association is awarded $78,600.80 in attorneys' fees, which is the total fees claim less the fees for litigating against JRAT ($83,455.30 - $4,854.50 = $78,600.80).

19. While this amount is greater than the damages award, the disparity is justified given the nature of this case, complexity of the issues and many motions presented.

---

[25] Motion at 4–5.

[26] Combined Order Granting Stipulated Motion to Dismiss Remaining Claims and Stipulation for Entry of Judgment at 3–7, docket no. 101, filed July 25, 2017.

[27] Master Covenants, Sec. 6.1, docket no. 65-2.

5

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that the Motion[28] is GRANTED. The Association is awarded $59,771.32 in damages against Friends on the Association's breach of contract claim. The Association is also awarded $78,600.80 in attorneys' fees from Friends.

Judgment will be entered separately.

The Clerk is directed to close the case.

Dated March 29, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[28] [Docket no. 105]().