IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRIENDS OF TUHAYE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>TUHAYE HOMEOWNERS ASSOCIATION, a Utah non-profit organization,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [128] PLAINTIFF'S EXPEDITED MOTION FOR STAY OF EXECUTION OF BALANCE JUDGMENT**<br><br>Case No. 2:14-cv-00901<br><br>District Judge David Nuffer |

Plaintiff Friends of Tuhaye, LLC ("FOT") has filed a motion to stay execution of the balance of the monetary judgment entered in favor of Defendant Tuhaye Homeowners Association (the "HOA").[1] The HOA filed a response to the motion.[2] FOT replied.[3]

On March 29, 2018, the court entered judgment in favor of the HOA and against FOT in the amount of $59,771.32 plus attorney's fees in the amount of $78,600.80, for a total of $138,372.12.[4] FOT subsequently filed a Notice of Appeal.[5] The HOA obtained a Writ of Execution and Writ of Garnishment to collect the judgment against two properties owned by

---

[1] Plaintiff's Expedited Motion for Stay of Execution of Balance Judgment ("Motion"), docket no. 128, filed June 26, 2018.

[2] Opposition and Objection to Plaintiff's Expedited Motion for Stay of Execution of Balance ("Opposition and Objection"), docket no. 129, filed June 27, 2018.

[3] Plaintiff's Reply in Support of Expedited Motion for Stay of Execution of Balance Judgment ("Reply"), docket no. 130, entered June 28, 2018.

[4] Judgment, docket no. 116, entered on Mar. 29, 2018. Judgment in the amount of $119,610.92 was also entered in favor of the HOA and against JRAT Investments, LLC, which has already been satisfied. *Id.*; *see also* Satisfaction of Judgment, docket no. 117, filed Apr. 25, 2018.

[5] Notice of Appeal, docket no. 118, filed Apr. 27, 2018.

FOT until about a month after judgment was entered and referred to as Lots 15 and 18.[6]  FOT now seeks to stay execution of the judgment pending its appeal.[7]

"A judgment entitles the prevailing party to the stated sum. If the loser does not pay, the winner can seize and sell its assets. An appeal by the loser does not eliminate the winner's entitlement to immediate payment, although it does create the opportunity to obtain a stay by posting a supersedeas bond."[8]

Federal Rule of Civil Procedure 62 provides the mechanism to stay enforcement of a judgment during an appeal:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.[9]

"With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond."[10]  FOT has not yet posted a supersedeas bond, but it has offered to do so in an amount equal to the judgment owed or such other amount as the court deems just and proper.[11]  Accordingly, FOT is entitled to a stay on execution of the judgment as a matter of right if it posts bond.  The question is, then, what is the appropriate amount of bond that FOT should be required to post.

---

[6] Writ of Garnishment, docket no. 123, entered June 1, 2018; Writ of Execution, docket no. 125, entered June 1, 2018.

[7] Motion, docket no. 128.

[8] *BASF Corp. v. Old World Trading Co*., 979 F.2d 615, 616 (7th Cir. 1992).

[9] Fed. R. Civ. P. 62.

[10] *U.S. v. Mansion House Ctr. Redev. Co.,* 682 F. Supp. 446, 449 (E.D. Mo. 1988)).  *See also Am. Mfrs Mutual Ins. Co. v. Am. Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 17 L.Ed.2d 37 (1966); *Dutton v. Johnson Cty. Bd. of Cty. Com'rs*, 884 F. Supp. 431, 435 (D. Kan. 1995); *Wilmer v. Bd. of Cty. Comm'rs of Leavenworth Cty., Kan.*, 844 F. Supp. 1414, 1417 (D. Kan. 1993), aff'd, 28 F.3d 114 (10th Cir. July 11, 1994).

[11] Motion ¶ 7 at 3.

> A supersedeas bond serves several purposes:
>
> [F]irst, it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after the appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is the bond guarantees that the appellee can recover the interest that accrues on the judgment during the appeal.[12]

"The amount of the bond generally includes the principal amount of the judgment, anticipated interest on the judgment, and costs."[13] The district court has "inherent discretionary authority in setting supersedeas bonds."[14]

After considering the principal amount of judgment owed, interest, and anticipated costs of the appeal, it is reasonable to require FOT to post bond in the amount of $160,000.00. This amount will secure the HOA from any loss resulting from the stay of execution and FOT has represented that it has the funds available to do so.[15]

Although it does not impact the court's ruling on whether a stay should be granted, it is worth noting that the parties are in disagreement as to the validity of the Writ of Execution issued against Lots 15 and 18. FOT has asserted that the Writ of Execution is void because FOT transferred title to an entity named Midnight 1, LLC and therefore, FOT no longer owns the properties.[16] The HOA has alleged that the transfer was improper, with the intent to hinder,

---

[12] *U.S. v. Mansion House Ctr. Redev. Co.*, 682 F. Supp. 446, 450 n.5 (E.D. Mo. 1988)

[13] *U.S. v. Mansion House Ctr. Redev. Co.*, 682 F. Supp. at 449 (citing *Am. Mfts Mutual Ins. Co.*, 87 S.Ct. at 3).

[14] *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).

[15] FOT had previously deposited $166,620.00 into an escrow account to cover the full amount of any judgment that the HOA obtained against it. Reply ¶ 7.

[16] Motion at Ex. A, Affidavit of Dale A. Hayes, Jr., Esq. ¶ 5, docket no 128; *see also* Opposition and Objection 2, docket no. 129.

delay, or defraud the HOA's ability to execute on the judgment against FOT.[17] The evidence presented at this time does not support the HOA's allegations of fraud. The HOA was advised about the transfer in advance and had the opportunity to file liens against the properties prior to closing.[18] Moreover, FOT has committed to posting a bond that would secure 100% of the HOA's judgment against it. Nonetheless, Mark A. Stuhmer, presumably on behalf of Midnight 1, LLC, has filed a Motion/Request for Hearing, alleging that the Writ of Execution was improperly issued because he owns Lots 15 and 18.[19] Ownership of the properties and validity of the Writ of Execution will be addressed as part of that proceeding.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Expedited Motion for Stay of Execution of Balance Judgment [20] is GRANTED and that any further efforts at execution upon this court's Judgment entered on March 29, 2018 and against FOT,[21] shall be stayed during the pendency of FOT's appeal conditional on posting of bond; and

IT IS FURTHER ORDERED that FOT shall post a supersedeas bond in the amount of ONE HUNDRED AND SIXTY THOUSAND DOLLARS ($160,000.00) within five business days.

Dated July 10, 2018.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[17] Opposition and Objection 2.

[18] Reply ¶¶ 5-6.

[19] Docket no. 136, filed July 3, 2018.

[20] Docket no. 128.

[21] Docket no. 116.